**UNITED STATES of America, Appellee,**

v.

**Charles Dwain TEMPLEMAN, Appellant.**

**No. 90–2337.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1991.

Decided July 8, 1991.

Philip F. Miller, Des Moines, Iowa, for appellant.

Lester A. Paff, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Appellant, Charles Dwain Templeman, entered a conditional guilty plea to a charge of conspiracy to distribute cocaine. The condition hinged upon the district court's ruling on Templeman's motion to suppress certain evidence seized from his home at the time of his arrest. The district court denied Templeman's motion and imposed sentence, so he now appeals that ruling to this court. Because there are insufficient findings in connection with the affidavit supporting the search warrant for Templeman's home, we remand to the district court for further action.

On October 6, 1989 a package addressed to Dwight Stowe was intercepted and opened by postal inspectors pursuant to a search warrant. The package contained a white, powdery substance which field tested positive for cocaine. When law enforcement officers confronted Stowe with these facts, he agreed to cooperate with them. He informed the officers that he generally delivered packages like this one to Templeman either at Templeman's home or place of business. Officers then replaced most of the cocaine in the package with corn starch. Pursuant to a court order, they also inserted a small beeper, about the size of a credit card, in the package so that the tone emitted by the beeper would change when the package was opened. The tone was only audible to officers who possessed equipment for receiving it.

Under the officers' surveillance, Stowe then delivered the package to Templeman at his trailer home. Stowe was "wired" so that the officers could hear any conversation between Stowe and Templeman. When the beeper tone changed, indicating that the package had been opened, the officers immediately rushed the trailer and identified themselves. Through a window in the trailer, they saw Templeman run towards the rear of the trailer, so the officers forced open the door. They quickly arrested Templeman and made a security sweep and quick search of the entire trailer. The only evidence they seized during this search was the package wrapping and the beeper, both of which were in plain view. When Templeman refused to consent to a search of his home, the officers presented an affidavit to a Cass County, Iowa magistrate who issued a search warrant. Two hours elapsed from the time of the officers' initial entry to the time of the second search made pursuant to the search warrant. During the execution of the warrant, officers discovered the contents of the package and several weapons.

■ Templeman claims that the officers violated his fourth amendment rights by breaking into his home without a search warrant or exigent circumstances. We address first the officers' initial entry and search. The district court found that Templeman's flight from the officers, the need to protect Stowe from possible harm, and the fact that the package had been opened so that its contents could be quickly destroyed, constituted exigent circumstances sufficient to justify the officers' entry.

In an attempt to persuade us that exigent circumstances existed in this case, the government cites *United States v. Johnson*, 904 F.2d 443 (8th Cir.1990), as being substantially similar to the case at hand. We disagree. There are some similarities between the cases, but *Johnson* is clearly distinguishable. Judge Bowman, writing for the majority in *Johnson*, made clear that a primary factor of the exigent circumstances in that case arose out of the uncertainty of the address on the package containing drugs.

> Indeed, it would have been a serious omission for the agents not to have applied for a search warrant had they known in advance that Vernon Johnson was the intended recipient of the package; that he, or someone else at that address, would be willing to accept delivery of the package; and that Johnson's apartment was in fact the situs of a drug operation.... The agents knew neither whether the address they credited the package label with describing was the intended address, nor whether the occupant of that address would be willing to accept the package. Secreting a transmitter within the package would have been rather redundant had there been no reason to doubt that the agents were delivering the package to its final destination. Moreover, there would have been no reason for the agents not to have applied for, and a magistrate not to grant, a search warrant.

*Johnson*, 904 F.2d at 445.

Here, the officers knew that Templeman would receive the package, that he would most likely accept delivery of it, and that Templeman's home was likely a place of drug activity. The placement of the beeper was superfluous and cannot serve as a foundation for exigent circumstances. We simply do not understand why the officers

did not apply for a search warrant before sending Stowe into the trailer home.

A case we find much more similar to this one is *United States v. Duchi,* 906 F.2d 1278 (8th Cir.1990). That case involved a package in which law officers discovered cocaine. The officers removed half of the cocaine and replaced it with a book. After having narrowed the suspects under investigation to two people living at the same address, the officers allowed one of the suspects to pick up the package and, under surveillance, take it home. Ten minutes after the suspect arrived home, the police entered the house without a warrant, announced their intentions, and conducted a security sweep of the home. After repeated requests, one of the suspects signed a form purporting to permit the officers to search the home, which they did. They found the package unopened, along with other drugs, a gun and large rolls of money. This court ruled that there were no exigent circumstances which authorized the warrantless entry into the suspects' home and accordingly ordered all evidence seized during the search to be suppressed.

We find no exigent circumstances here. The officers had Templeman's trailer home under surveillance, so it was unlikely that he would escape. As for Stowe's safety, we need but note that Stowe was wearing a transmitting device which enabled the officers to hear anything he said. The record does not reflect that Stowe was ever in danger, so there was no need to enter to protect him. Finally, the fact that the package had been opened so that the contents could easily be destroyed did not empower the officers to enter the home. Nothing in the record indicates that Templeman was about to destroy the contents of the package. While the officers might have feared that Templeman would find the beeper and become suspicious, they had ample opportunity to apply for and obtain a search warrant to enter and search Templeman's home before sending Stowe inside. Although the opportunity of an officer to obtain a search warrant is not determina-

tive, it is certainly relevant when exigent circumstances are claimed to be present. *United States v. Palumbo,* 735 F.2d 1095, 1097 (8th Cir.), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984).

In this case, the district court erroneously found that exigent circumstances permitted the initial entry into Templeman's home. The error is clearly indicated by the court's statement that it did not matter if the supposedly exigent circumstances were set in motion by the officers. We note, however, that it ruled without the benefit of our recent decision in *Duchi* which shows that law enforcement officers cannot manufacture what they later claim to be exigent circumstances which permit a warrantless entry into a person's home.

■ Having determined that there were no exigent circumstances allowing the officers to enter Templeman's home without a warrant, we must now decide the second issue in this case. Specifically, we must determine whether the unconstitutional entry into and search of Templeman's home vitiated the search warrant obtained by officers after the initial entry. Templeman asserts that the search warrant was invalid for two reasons. First, he claims the officers included in their affidavit their observance of the beeper and package wrapping discovered in the first search. Second, he claims the officers failed to tell the magistrate that they had substituted corn starch for nearly all the cocaine in the package.

The government concedes that the supporting affidavit did contain the officers' statements that they observed the beeper and wrapping paper, but contends that the affidavit was sufficient to establish probable cause without that information. In support of this contention, the government cites *United States v. Packer,* 730 F.2d 1151 (8th Cir.1984); *United States v. McCain,* 677 F.2d 657 (8th Cir.1982); *United States v. Beck,* 662 F.2d 527 (8th Cir. 1981); and *United States v. Williams,* 633 F.2d 742 (8th Cir.1980). In three of these cases,[1] this court upheld a search executed

---

1. In *United States v. McCain,* 677 F.2d 657 (8th Cir.1982), the court specifically stated that there

was nothing in the record indicating that any evidence contained in the affidavit was obtained

under a valid warrant even though the affidavit for the warrant potentially contained information obtained during a prior illegal search of the premises. In each of those cases this court examined the affidavit supporting the search warrant and found that it was sufficient without any of the information acquired during the prior entry. Therefore, the warrant was still valid despite the fact that it contained improperly acquired evidence because that evidence was not necessary for a finding of probable cause.

We are troubled by the district court's discussion of the search warrant application. In reference to it, the court stated, "Even though the search warrant affidavit did not mention the officers' earlier forced entry, the information presented to the magistrate, supplemented by that fact, still provided a sufficient factual basis for the magistrate's finding of probable cause and issuance of the search warrant." We are not certain we understand what the court meant by this statement. Specifically, we are not sure if the court meant that the warrant affidavit was sufficient without reference to the illegal entry and any evidence seized during it, or that the affidavit needed to be supplemented with information seized during the illegal entry to support a finding of probable cause. The only certain part of the statement is that the affidavit made no mention of the illegal entry, but that is inconsistent with the government's concession that the affidavit contained statements of the officers' observations made during the illegal entry. To the extent, if any, the officers failed to reveal their prior entry and search, the district court's finding that the officers acted in good faith to obtain and rely on the search warrant pursuant to *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is drawn into question.

In light of our uncertainties concerning the search warrant affidavit, we remand to the district court the question whether, in light of *Duchi*, the officers presented sufficient evidence not seized during the initial, illegal entry to support the issuance of the warrant. If not, then the government may not use against Templeman any evidence seized in either of the searches of his home and sentence may need to be vacated. Our remand for further action by the district court is without prejudice to subsequent timely appeal by any party to the cause.

during the officer's unauthorized entry onto the property later searched pursuant to the search warrant. *Id.* at 662.