UNITED STATES of America, Appellee,

v.

Chuck Dwain TEMPLEMAN, Appellant.

No. 91–3750.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1992.

Decided May 27, 1992.

Rehearing and Rehearing En Banc
Denied July 10, 1992.

Philip F. Miller, Des Moines, Iowa, argued, for appellant.

Lester Alan Paff, Des Moines, Iowa, argued (Gene W. Shepard and Lester A. Paff, on the brief), for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and BOGUE,* Senior District Judge.

WOLLMAN, Circuit Judge.

Chuck Dwain Templeman appeals from his conviction and sentence. We affirm.

## I.

Pursuant to a search warrant, postal inspectors intercepted and opened an Express Mail package addressed to Dwight Stowe. Inside the package was another envelope, and inside that envelope was a magazine with two plastic bags of cocaine inside it. Officers confronted Stowe after he picked up the package. Stowe informed the officers that the package was for Templeman. Stowe agreed to take part in a controlled delivery of the package to Templeman's trailer home. The officers enclosed within the package a "beeper," a device which emitted a signal if the package was opened, and substituted corn starch for most of the cocaine.

Stowe delivered the package to Templeman. Stowe also carried into Templeman's trailer a triple-beam scale inside a vinyl case. When the beeper went off, indicating that the package had been opened, the officers entered Templeman's trailer without a search warrant. The officers asked Templeman to consent to a search of the trailer, but he refused. The officers then applied for a warrant, relying upon, among

other things, items that they had seen while in the trailer. A magistrate issued the warrant.

Templeman was indicted for three crimes: conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and use of the mail to distribute cocaine. He pleaded guilty to the conspiracy charge, conditioned on the outcome of his appeal of the district court's refusal to suppress evidence seized in the trailer. The district court sentenced Templeman to sixty-three months' imprisonment.

On appeal, Templeman challenged the admission of items seized from his residence. *United States v. Templeman,* 938 F.2d 122 (8th Cir.1991) (*Templeman I*). We held that the officers' original entry into the trailer was not justified because there were no exigent circumstances. We therefore remanded the case to the district court so that it might consider whether "the officers presented sufficient evidence not seized during the initial, illegal entry to support the issuance of the warrant." *Id.* at 125. "If not," we held, "then the government may not use against Templeman any evidence seized in either of the searches of his home...." *Id.*

On remand, the district court found that absent the tainted items seen during the officers' initial entry, there was not sufficient evidence to support the issuance of the warrant. The district court therefore ruled inadmissible the items seized during the searches of the trailer. Templeman thereafter filed a new motion to suppress. After receiving briefs and holding a hearing, the district court altered its previous ruling. It held that the package, the inner envelope, the magazine, the corn starch, the scales and the case would be admissible so long as the prosecution made no reference to their having been seized during the illegal entries of the home. It reasoned that the items Stowe carried into Templeman's trailer were admissible because the government did not discover their existence as a result of the search. Indeed, the

* The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

officers knew of the items prior to the search and instructed Stowe to deliver them to Templeman. As the district court stated:

> Now, the reason that the items seized in the residence may be admissible is because they were in the residence by reason of the Government agents telling Stowe to take them into the residence, and those are admissible because of their condition when the officers had them, not their condition after they were taken into the residence by Mr. Stowe.

Appellant's Appendix at 125.

Templeman withdrew his guilty plea. A jury convicted him on all three of the original charges, and the district court sentenced him to serve 108 months in prison. Templeman now appeals, arguing that the district court erred in 1) admitting as evidence the items previously suppressed; 2) admitting evidence of Templeman's prior use of cocaine; 3) overruling objections to the prosecutor's allegedly leading questions; and 4) imposing upon him a longer sentence than he received when sentenced pursuant to his conditional guilty plea.

## II.

■ Templeman first argues that *Templeman I* prohibits the admission of items seized in his home. We do not so read our previous decision. There, we held that if the warrant to search Templeman's home could not be justified, then the prosecution could not use evidence seized as a result of either search. The items of which Templeman now complains—the package, the inner envelope, the magazine, the corn starch, the scale and the case—were seized during the illegal searches, but they had previously been discovered as a result of the valid search by the postal inspector. The government knew of the items prior to the searches; indeed, it had them in its possession. The exclusionary rule therefore does not prohibit their admission.

■ Templeman next argues that the prosecutor's improper use of leading questions warrants a new trial. Rulings on objections to leading questions are entrusted to the discretion of the trial court.

*United States v. Schepp,* 746 F.2d 406, 410 (8th Cir.1984), *cert. denied,* 469 U.S. 1215, 105 S.Ct. 1190, 84 L.Ed.2d 336 (1985). Our review of the record reveals that the district court overruled the bulk of Templeman's numerous objections. We perceive no error in those rulings. Those questions to which Templeman's objections were sustained were not so numerous, nor were they so suggestive, that they crossed the fine line between "stimulating an accurate memory and implanting a false one." *United States v. McGovern,* 499 F.2d 1140, 1142 (1st Cir.1974). Nor did those questions deprive the jury of the ability to weigh the witnesses' testimony and credibility. *Id.*

■ Templeman also urges that we reverse his conviction because the district court overruled his objections to evidence that Templeman had used cocaine on three occasions. We agree with the government that, as to the third instance of cocaine use, Templeman objected only to the witness's describing where Templeman used cocaine, not whether he used cocaine. Templeman has therefore not preserved this objection for appeal.

■ Federal Rule of Evidence 404(b) prohibits evidence of other bad acts unless the evidence is relevant to an issue other than the character of the defendant, such as a defendant's motive or opportunity. *United States v. Galyen,* 798 F.2d 331, 332–33 (8th Cir.1986) (evidence of previous drug dealing admissible to prove intent to distribute drugs). Evidence of Templeman's personal use of cocaine indicates potential motives for his distribution of cocaine: to finance his own use of the drug and to assure himself of a ready supply. Evidence that Templeman used drugs with others indicates that he had opportunity to distribute drugs because he knew who would be potential customers. The district court therefore did not err in admitting the evidence.

■ Finally, Templeman argues that the sentence following his conviction on all three counts should not exceed the sixty-three month sentence he originally received pursuant to his guilty plea on one count.

Templeman does not argue that the presentence report upon which the district court relied was inaccurate or that the district court applied the guidelines improperly. He simply contends that his sentence following remand and a trial can not exceed the sentence he received pursuant to his original guilty plea. This contention lacks merit. The Due Process Clause does not prohibit the imposition of a more severe sentence upon reconviction after the first conviction has been set aside so long as vindictiveness plays no part in the imposition of the new sentence. *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969).

It is clear from the record that vindictiveness played no part in the sentence imposed upon Templeman. His conditional plea of guilty was entered on only one count; the jury found him guilty of all three counts of the indictment. Templeman received a two-point reduction for acceptance of responsibility following the entry of his guilty plea; following his conviction by the jury he was denied a two-point reduction. The district court pointed out at the sentencing hearing that

> [t]he record for this sentencing is quite different than the record at the time of the original sentencing. It is more complete. ... The facts in this case that have been fully developed at trial and on the records since the original sentencing ought not be rejected when they were the basis on which the jury heard the case and determined whether the government had proved guilt beyond a reasonable doubt as to each of these charges.

The district court then went on to find that Templeman was an organizer of a criminal activity that involved five or more participants, and accordingly adjusted his offense level by four levels for his role in the offense. Clearly, then, the district court imposed the lengthier sentence on the basis of the additional information concerning Templeman's criminal activity that was developed during the trial. Thus, this case falls squarely within the holding in *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), wherein the Court stated that the presumption of vindictiveness referred to in *Pearce* does not apply when the sentence imposed after a trial is heavier than the sentence imposed after an earlier guilty plea. Here, the district court had the benefit of the type of information developed during the trial that *Alabama v. Smith* holds is sufficient to negate any basis for a presumption of vindictiveness and to impose upon the defendant the burden of proving actual vindictiveness. 490 U.S. at 799–801, 109 S.Ct. at 2204–06. In the light of the additional information available to the district court as a result of the trial, it is clear that Templeman has not successfully met the burden of establishing vindictiveness on the part of the district court. *See Harris v. State*, 960 F.2d 738 (8th Cir.1992).

The conviction and sentence are affirmed.