**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-4105

UNITED STATES OF AMERICA

v.

ROBERT PAWLOWSKI,

Appellant.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 2-09-cr-00209-001)
District Judge:  Honorable Donetta W. Ambrose

Argued on October 25, 2011

Before:  FISHER, VANASKIE and ROTH, Circuit Judges

(Opinion filed: June 19, 2012)

Lisa B. Freeland, Esquire
Federal Public Defender
Karen Sirianni Gerlach, Esquire **(Argued)**
Assistant Federal Public Defender
1500 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA   15222

                Counsel for Appellant


David J. Hickton, Esquire
United States Attorney
Kelly R. Labby, Esquire
Assistant United States Attorney
Rebecca R. Haywood, Esquire
Laura S. Irwin, Esquire
Michael I. Ivory, Esquire **(Argued)**
Office of the United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA   15219

                Counsel for Appellee

OPINION

**ROTH,** Circuit Judge:

Robert Pawlowski appeals both his conviction of one count of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), and the sentence imposed by the District Court. Pawlowski raises three arguments: (1) the government's remark that defense counsel would "certainly present evidence" violated his Fifth Amendment rights, (2) the evidence at trial was insufficient to prove that he believed he was communicating with a minor, and (3) the District Court miscalculated his Sentencing Guidelines range because masturbation does not constitute "sexual contact" for the purpose of the two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(4)(A). For the reasons that follow, we will affirm the judgments of conviction and of sentence of the District Court.

## I. BACKGROUND

### A. The Crime

In the spring of 2009, Detective Lynn Havelka of the Allegheny County District Attorney's Office was involved in an online undercover investigation into crimes against children. As part of the investigation, Detective Havelka created an online profile under the name "Ashley Anthony" on myYearbook, a social networking website. Detective Havelka posed as a 15-year-old girl. Because certain features

3

of myYearbook, such as chatting, were restricted to individuals 18 years of age or older, Detective Havelka listed "Ashley's" age as 98. Detective Havelka chose 98 because no one would believe that a 98-year-old used myYearbook and "it would give an opportunity to an individual to ask me how old I am."

Pawlowski first contacted "Ashley" on April 27, 2009, with a "friend" request via myYearbook. After "Ashley" accepted, Pawlowski inquired: "I know you are not 98. How old are you, if I may be so forward in asking?" "Ashley" responded that she was 15 years old and in high school. Pawlowski then asked: "Why did you put 98 on your profile?" "Ashley" explained that she wanted to be able to chat with her friends on myYearbook.

Frequent communications between Pawlowski and "Ashley" soon followed via myYearbook, Yahoo Instant Messenger, and Yahoo email. The communications were recorded by Detective Havelka. Pawlowski quickly raised sexual topics and continued to do so throughout the month and a half that he contacted "Ashley." Detective Havelka, with the aid of a voice changer device to sound like a younger girl, also spoke as "Ashley" with Pawlowski via cellular telephone.

After their first phone conversation on May 15, 2009, Pawlowski expressed his desire to meet "Ashley" in person. During an online conversation on May 24, 2009, Pawlowski masturbated in front of "Ashley" on his webcam. A few days later, Pawlowski and "Ashley" discussed arrangements to meet in person, including whether he should buy condoms. The morning of May 28, 2009, "Ashley" called Pawlowski to

4

confirm their plan to meet at 9:30 a.m. at the Waterfront in Homestead, Pennsylvania. When Pawlowski appeared at the specified time and place, he was arrested. A search warrant was obtained and executed on his residence later that day.

On June 24, 2009, a one-count Indictment was returned, charging Pawlowski with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b).[1] Pawlowski pled not guilty and proceeded to a jury trial.

## B. The Trial

During the three-day jury trial, the government called two witnesses: Detective Havelka and FBI Special Agent Ignace Ertilus. The defense did not call any witnesses. Pawlowski was found guilty.

---

[1] Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

## 1. The Government's Remark

Following empanelment, the District Court gave the jury preliminary instructions which explained, *inter alia*, the burden of proof, the presumption of innocence, and the purpose of opening statements, including that "opening statements are not evidence." In particular, the District Court stated:

> After the government has presented all the evidence it intends to present, the defendant's attorney may make an opening statement if he has not already done so. Then he may or may not present evidence on behalf of the defendant. And the reason that I say he may or may not is because the defendant is not required to present any evidence. I remind you he is presumed innocent and it is the government's burden and the government's duty alone to prove the guilt of the defendant, and that proof must be beyond a reasonable doubt. A defendant, this defendant, does not have to prove that he is innocent.

During the government's opening, the prosecutor stated to the jury:

> Mr. Pawlowski is absolutely entitled to a fair trial, and he will have a fair trial. Please remember that the burden of proof is on the prosecution, as it should be, in a criminal case. **And [defense**

6

> **counsel] Mr. DeRiso will certainly present evidence and explain things** and bring up, make good points that will help you understand the evidence better.

(emphasis added). No objection was made to this or to any part of the government's opening statement. Instead, at the end of defendant's opening statement, defense counsel remarked:

> Now, Mr. Prosecutor Haller, excuse me, Assistant United States Attorney, indicated that I am going to put evidence on, and I am sure that was a misstatement. I have no duty to put any evidence on. Trust me, there will be some zealous cross-examination, however, and I am going to submit to you all of the evidence is right here. It is the chats. It is the phone conversations. What other evidence is there? The government wants you to look at the evidence and believe this. Defense wants you to look at the evidence and believe this. It is that simple.

The defendant did not object to the government's opening statement, request a curative instruction from the District Court, or move for a mistrial.

At the close of the evidence, the District Court gave final instructions to the jury, which explained that Pawlowski had a constitutional right not to testify and reiterated, in part:

> The burden of proof is always on the government and it must prove guilt beyond a reasonable doubt. This burden never shifts to a defendant because the law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence.

## 2. The Age of the "Victim"

At trial, the recorded communications between Pawlowski and "Ashley" were entered into evidence and extensive portions were read aloud, including discussions of "Ashley's" age and appearance in photographs.

In their first conversation, on April 27, 2009, Pawlowski asked "Ashley" directly about her age and learned that she was 15 years old. Later in the same conversation, Pawlowski told "Ashley" not to tell anyone that they chatted because "I could get in trouble, you know, under-age." When "Ashley" said she worked in order to earn money to buy clothes, Pawlowski responded: "[h]igh school girls don't need clothes." Throughout the month that they corresponded, Pawlowski made numerous remarks indicating he believed

8

"Ashley" to be 15 years old.  He asked when she would be turning 16 years old and commented: "Dam[n], I wish you was three years older.  Laugh out loud.  Then you would be legal."  He repeatedly called her "young lady" and warned her not to drink or do drugs.  He referred to their "age gap" and "age diff" and described himself as an "old dude" and "older."  When "Ashley" wondered whether her age bothered him, Pawlowski responded no, saying: "You think if we was to meet that I would look at you as a 15 immature, young lady, or something, you know, age issue?"  "Ashley" also reinforced her age by repeating it, such as "I'm 15. Remember," and by referring to age-related events, such as going to high school and learning to drive.

In addition, Pawlowski repeatedly expressed concern that he could get into trouble because of "Ashley's" age.  He told "Ashley" he preferred that she not tell anyone about their contact so that "we don't run into any probs."  He later explained:

> Pawlowski:  The reason I seem to be dancing around subjects from the whatevers and have you confused is that this is the internet and there are sting operations for older guys hitting, trying to pick up younger females, and I was just being careful. I just don't want any trouble with anyone.  You know what I mean? There, it's all out now.
>
> "Ashley":  I know what you mean.
>
> Pawlowski:  I know I am a lot older.

9

> Just don't want you to think, think
> me as a perve.  I am not by far.  I just
> want you to know that.

Photographs of "Ashley" from her my Yearbook profile were also introduced into evidence.  The photographs actually depicted a female police officer at ages 13, 15, and 16.  After seeing the photographs, Pawlowski expressed his desire to meet "Ashley" in person and asked her to send him more pictures.

## C.  The Sentencing

Pawlowski faced a mandatory minimum of ten years imprisonment, pursuant to 18 U.S.C. § 2422(b).  The Probation Office determined that Pawlowski had a total offense level of 32 and a criminal history category of I, resulting in an advisory Sentencing Guidelines range of 121 to 150 months.  That calculation included a two-level enhancement for "sexual contact" pursuant to U.S.S.G. § 2G1.3(b)(4)(A) because of Pawlowski's masturbation via webcam transmitted to "Ashley."  The term "sexual contact," as defined in 18 U.S.C. § 2246(3) and incorporated into U.S.S.G. § 2G1.3, means:

> the intentional touching, either directly or through the clothing, of the genitalia . . . of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Pawlowski objected to that enhancement, contending that touching oneself does not constitute the touching "of any person."

At the sentencing hearing on September 30, 2010, the District Court rejected Pawlowski's objection, finding that "the Defendant touching his penis, masturbating while interacting with who he believed was a 15-year-old girl, qualifies as sexual contact as defined in the statute." The District Court, therefore, applied the two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(4)(A) and sentenced Pawlowski to 121 months' imprisonment, to be followed by 25 years of supervised release.

Pawlowski appealed.

## II. DISCUSSION

### A. The Government's Remark

Pawlowski argues that the government's opening remark that defense counsel "will certainly present evidence" constitutes an indirect prosecutorial comment on his failure to testify, in violation of his Fifth Amendment rights. Because Pawlowski did not preserve the issue, we review for plain error. *United States v. Balter*, 91 F.3d 427, 441 (3d Cir. 1996). A plain error is "clear" or "obvious" and "affects substantial rights," meaning it was "prejudicial in that it affected the outcome of the District Court proceedings." *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001). The defendant must demonstrate "that the prosecutor's remarks were improper, that they denied him a fair trial, and that the outcome of the proceedings would have been

different absent the improper statements." *United States v. DeSilva*, 505 F.3d 711, 717-18 (7th Cir. 2007).

The Fifth Amendment "forbids either comment by the prosecution on the accused's silence or instruction by the court that such silence is evidence of guilt." *Griffin v. California*, 380 U.S. 609, 615 (1965). A prosecutor's comment constitutes reversible error only if it "was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Lesko v. Lehman*, 925 F.2d 1527, 1544 (3d Cir. 1991). In making that determination, the challenged remark is examined in its trial context. *Id.*

Taken in its trial context, the government's brief and isolated remark does not amount to plain error. The District Court repeatedly explained to the jury that the government bore the burden of proof and that Pawlowski had an absolute constitutional right not to testify or present evidence. Defense counsel directly responded to the government's remark in his own opening statement, correcting any potential misimpression the jury might have had. Moreover, the evidence of Pawlowski's guilt was overwhelming, and the outcome of the proceeding was unlikely to have been different absent the remark. Any error, therefore, was not plain.

## B. The Age of the "Victim"

Pawlowski contends that the evidence at trial was insufficient to prove that he believed he was communicating with a minor, as required for a conviction under 18 U.S.C. § 2422(b). Because Pawlowski did not preserve the issue, we

review for plain error. *United States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005). We "view the evidence in the light most favorable to the government and must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *Id.* at 381-82 (internal quotations omitted). The defendant's burden is "extremely high." *United States v. Riley*, 621 F.3d 312, 329 (3d Cir. 2010).

Because Pawlowski targeted an adult decoy, rather than an actual minor, he was charged with attempt, which focuses "on the subjective intent of the defendant, not the actual age of the victim." *See United States v. Tykarsky*, 446 F.3d 458, 466-69 (3d Cir. 2006) (holding lack of an actual minor is not a defense to charge of attempted enticement). To prove attempt, the government must show the defendant intended to commit a crime and took a substantial step toward doing so. *Id.* at 469. Accordingly, one of the elements the government must prove (and the only one that Pawlowski disputes on appeal) is that Pawlowski subjectively believed that "Ashley" was under the age of 18.

Pawlowski argues that there was insufficient evidence for the jury to find that he believed "Ashley" was a minor because "as far as he knew, and subjectively believed, the 15-year old age could have been false, just as easily as the 98-year old age could have been." We reject Pawlowski's argument because ample evidence was introduced at trial from which a reasonable jury could find beyond a reasonable doubt that Pawlowski subjectively believed he was communicating with a 15-year-old.

13

## C.  "Sexual Contact"

Pawlowski contends on appeal, as he did at sentencing, that the two-level enhancement for "sexual contact" pursuant to U.S.S.G. § 2G1.3(b)(4)(A) was improperly applied because the touching of oneself is not the touching "of any person." We review *de novo* the District Court's interpretation of statutory requirements, *United States v. Williams*, 344 F.3d 365, 377 (3d Cir. 2003), and legal conclusions regarding the Sentencing Guidelines.  *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

We turn first to the language of the Sentencing Guidelines and of the underlying statute.  *United States v. Swan*, 275 F.3d 272, 279 (3d Cir. 2002).  Where the language is plain and unambiguous, "the sole function of the court is to enforce it according to its terms." *United States v. Sherman*, 150 F.3d 306, 313 (3d Cir. 1998).  The words "must be read in their context and with a view to their place in the overall statutory scheme." *Swan*, 275 F.3d at 279.

The two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(4)(A) applies if "the offense involved the commission of a sex act or sexual contact." Application Note 1 incorporates the definitions of "sexual act" and "sexual contact" stated in 18 U.S.C. §§ 2246(2)-(3). "Sexual act" is "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D). "Sexual contact" is "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an

intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

In Pawlowski's view, if Congress had intended to include masturbation within the meaning of the statute, the statute would have read "of any person or of one's self." By contrast, the government argues that: "The definition says any person. And Mr. Pawlowski is any person." Indeed, "any" means "every." *See, e.g.*, OXFORD ENGLISH DICTIONARY (2d ed. 1989) ("In affirmative sentences [any] asserts concerning a being or thing of the sort named, without limitation as to which, and thus constructively of *every* one of them, since every one may in turn be taken as a representative."). Pawlowski is, of course, a person and thus "of any person" would include him.

Moreover, turning to the statute itself, "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Dean v. United States*, 129 S. Ct. 1849, 1854 (2009); *see also United States v. Mobley*, 956 F.2d 450, 452-53 (3d Cir. 1992) ("It is a fundamental canon of statutory construction that where sections of a statute did not include a specific term used elsewhere in the statute, the drafters did not wish such a requirement to apply."). Here, therefore, Congress presumably intended to distinguish between "of any person" in 18 U.S.C. § 2246(3) and "of another person" in 18 U.S.C. § 2246(2)(D), so that "of another person" does not include oneself but "of any person" does. Indeed, the language of the statute is unambiguous: it is clear that "of any person"

includes a defendant himself and does not require the touching of the victim.

Other courts of appeal have reached the same conclusion through similar reasoning. The Eleventh Circuit Court of Appeals concluded that "sexual contact" includes "the act of masturbating" because the phrase "of any person" applies "to all persons, including [defendant] himself." *See United States v. Aldrich*, 566 F.3d 976, 979 (11th Cir. 2009). In that case, the District Court applied a two-level enhancement at sentencing under U.S.S.G. § 2G2.1(b)(2)(A) after finding that the defendant's "masturbating for a minor female in front of his web camera constituted a 'sexual contact.'" *Id.* at 978. The defendant argued, as Pawlowski does here, that "because one cannot 'harass' oneself, the definition of 'sexual contact' must not include masturbation." *Id.* at 979. The Eleventh Circuit rejected that argument, noting that "a defendant need only intend to 'abuse, humiliate, harass, degrade, *or* arouse or gratify' in order to violate the statute. That [defendant] could not do one of these things is immaterial so long as he could do another." *Id.* We reject Pawlowski's argument for the same reason.

The Sixth Circuit Court of Appeals has also concluded that "sexual contact" includes masturbation in a similar but not identical context, i.e. where the defendant caused the minor victim to masturbate. *See United States v. Shafer*, 573 F.3d 267, 279 (6th Cir. 2009). The Sixth Circuit found that "of any person" includes oneself based on the plain statutory language and further noted that the legislative history does not suggest otherwise. *See id.* at 273.

In sum, because the language of the statute is plain and unambiguous, the phrase "of any person" encompasses "oneself." The District Court, therefore, correctly interpreted § 2G1.3(b)(4)(A) to include masturbation as a form of "sexual contact" covered by the language of the section. *See Sherman*, 150 F.3d at 313 ("Statutory interpretation usually begins, and often ends, with the language of the statute.").

## III.  <u>CONCLUSION</u>

For the reasons set forth above, we will affirm the judgment of the District Court.