NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3948
_____

UNITED STATES OF AMERICA

v.

SHAWN K. HARVEY,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-17-cr-0183-001)
District Judge:  Hon. Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2020

Before:  McKEE, JORDAN, and RENDELL, *Circuit Judges.*

(Filed: October 1, 2020)
_____

OPINION*
_____

_____

     * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

1

JORDAN, *Circuit Judge*.

Defendant Shawn K. Harvey sold firearms to a confidential informant ("CI") and was indicted for dealing in firearms without a license and for conspiracy to commit that crime. He proceeded to trial. During the trial, the prosecutor asked closed-ended questions of some witnesses. Harvey's attorney objected, arguing that the questions were leading, and the District Court sustained the objections. The jury found Harvey guilty. Harvey now appeals, arguing that the government substantially relied on those leading questions and, but for its reliance on those questions, the record would not have contained sufficient evidence for the jury to find him guilty beyond a reasonable doubt. We disagree and will affirm.

## I.    BACKGROUND

In 2016, a CI in New Jersey bought 35 guns during 11 monitored transactions. Harvey and his son and co-defendant Shawn M. Harvey, also known as "Munchy," participated in three of the transactions together, and Munchy participated in the other transactions by himself. Harvey and Munchy were each charged with one count of conspiracy to deal in firearms without a license in violation of 18 U.S.C. § 371, and, based on the same three transactions, three counts of dealing in firearms without a license, in violation of 18 U.S.C. §§ 2 and 922(a)(1)(A). Munchy was also charged with eight additional counts of dealing in firearms without a license. Munchy pled guilty to one count of conspiracy to deal in firearms without a license and testified against his father at trial.

2

During trial, the Assistant United States Attorney ("AUSA") asked closed-ended questions of certain witnesses. First, during the direct examination of an ATF special agent, the AUSA inquired how the CI first got in contact with Harvey and Munchy, asking "[d]id the ATF direct this informant to place consensually recorded telephone calls[?]" (Supp. App. at 52.) Defense counsel objected to the question as leading, and the District Court sustained the objection. The witness did not answer the question. The Court held a sidebar and instructed the government to just ask "what happened next." (Supp. App. at 53.) The AUSA then asked non-leading questions of the agent, who explained the CI's cooperation and laid the foundation for the admission of the guns that Harvey sold.

Second, the AUSA asked a closed-ended question of the supervisor at the Federal Firearms Licensing Center. That witness was testifying as a custodian of records and laid the foundation for the admission of a document demonstrating that Harvey was not a licensed firearms dealer. When asking about the search the supervisor ran to determine if Harvey was a licensed firearms dealer, the AUSA asked, "did that search take into account identifiers not just Mr. Harvey, that is, Shawn K. Harvey's name, but also his date of birth, his Social Security Number?" (Supp. App. at 313.) Defense counsel objected that the question was leading, and the Court sustained the objection. The prosecutor then proceeded to ask non-leading questions.

Finally, the AUSA questioned the CI regarding the CI's prior criminal history, his motivation to cooperate with the government, and how he first began communicating with Munchy. During that questioning, defense counsel objected to three questions as

3

leading, the District Court sustained each of those objections, and the AUSA rephrased the questions.

The jury found Harvey guilty on all counts. This timely appeal followed.

II. **DISCUSSION**[1]

Harvey's sole argument on appeal is that the government relied on leading questions and that, absent the testimony elicited by those leading questions, the jury could not have found him guilty beyond a reasonable doubt. That is plainly not so.

A. No Inappropriate Evidence Was Admitted as a Result of Leading Questions[2]

"[A] leading question suggests to the witness the answer sought by the questioner." 28 Fed. Prac. & Proc. Evid. § 6168 (c) (2d ed.). Federal Rule of Evidence 611(c) provides that "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony."

The District Court sustained the objections to the leading questions, and no testimony was given in response to them. Even so, the questions about which Harvey now complains pertained primarily to preliminary matters that were not in dispute. The prosecutor's questions of the CI were not suggestive and did not evoke a false memory. *See United States v. Templeman*, 965 F.2d 617, 619 (8th Cir. 1992) (stating that the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[2] "Evidentiary rulings are reviewed for abuse of discretion, but even erroneous rulings only require a new trial if the ruling affects a substantial right of the party[.]" *United States v. Friedman*, 658 F.3d 342, 352 (3d Cir. 2011) (citations and internal quotation marks omitted).

leading questions to which defendant's objections were sustained "were not so numerous, nor were they so suggestive, that they crossed the fine line between stimulating an accurate memory and implanting a false one. Nor did those questions deprive the jury of the ability to weigh the witnesses' testimony and credibility." (citations and internal quotation marks omitted)). And none of the questions now complained of affected the proceedings in any material way. As detailed herein, the evidence against Harvey was overwhelming.

B.      There Was More Than Sufficient Evidence for Harvey's Conviction[3]

Even if the AUSA had elicited testimony using leading questions, Harvey would not be entitled to the new trial that he seeks because the other evidence against Harvey was more than sufficient for a reasonable jury to find him guilty beyond a reasonable doubt.

The jury was instructed that to prove a conspiracy to traffic in illegal firearms, the government must show beyond a reasonable doubt that (1) two or more people agreed to commit an offense against the United States, that is, firearms trafficking without a federal

---

[3] Harvey's evidentiary complaints amount to an argument that, but for the leading questions, there would have been insufficient evidence for a conviction. But he did not challenge the sufficiency of the evidence in the District Court by filing a motion for judgment of acquittal. Accordingly, we review for plain error. *United States v. Pawlowski*, 682 F.3d 205, 211 (3d Cir. 2012). "A plain error is clear or obvious and affects substantial rights, meaning it was prejudicial in that it affected the outcome of the District Court proceedings." *Id.* at 210 (internal quotation marks and citation omitted). In reviewing challenges to the sufficiency of the evidence, "[w]e view the evidence in the light most favorable to the government and must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *Id.* at 211 (internal quotation marks and citation omitted).

5

firearms license; (2) Harvey was a party to that agreement; (3) Harvey joined the agreement knowing of its objective to commit an offense against the United States and shared a unity of purpose with at least one other alleged conspirator with intent to achieve a common goal; and (4) that at some time during the existence of the agreement, at least one of its members performed an overt act in order to further the objectives of the agreement. The jury was instructed that to prove the substantive counts of trafficking in firearms without a license, the government had to prove beyond a reasonable doubt that (1) on February 17, 24, and March 21, 2016, Harvey engaged in the business of dealing in firearms; (2) he did not have a license as a dealer in firearms; and (3) he acted knowingly and willfully.

Here, there was overwhelming evidence upon which a jury could find Harvey guilty beyond a reasonable doubt. The CI and Munchy testified that Harvey arranged for the sale of the firearms to the CI, including negotiating the prices and types of firearms. Text messages corroborated that testimony. The CI and Munchy were present for the three occasions when Harvey sold the firearms to the CI, and they testified about those transactions. The ATF agents who observed the transactions testified too. And the Court also admitted video and audio recordings of the transactions. It was undisputed that Harvey and Munchy are not licensed firearms dealers. Given all of that evidence, a reasonable jury could obviously find Harvey guilty beyond a reasonable doubt.

## III.    Conclusion

For the foregoing reasons, we will affirm the order of the District Court.

6