# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2023

Lyle W. Cayce
Clerk

No. 22-20171

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Thomas Douglas Butler,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-411-1

---

Before Ho, Oldham, and Douglas, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

Under the federal Sentencing Guideline that governs the sexual exploitation of a minor, a two-level enhancement applies to a defendant's base offense level if the underlying offense involves "the commission of a sexual act or sexual contact." U.S.S.G. § 2G2.1(b)(2)(A). The Application Notes to the Guideline expressly incorporate the definition of "sexual contact" that appears in 18 U.S.C. § 2246(3). And that statute defines "sexual contact" to mean "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of *any person* with an intent to abuse, humiliate, harass, degrade, or

arouse or gratify the sexual desire of *any person*."   18 U.S.C. § 2246(3) (emphasis added).

Our circuit has not yet addressed whether "sexual contact" under U.S.S.G. § 2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes an act of masturbation.  But four other circuits have answered in the affirmative.  *See United States v. Aldrich*, 566 F.3d 976, 979 (11th Cir. 2009) ("[T]he plain meaning of 'sexual contact' under U.S.S.G. § 2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes the act of masturbating."); *United States v. Shafer*, 573 F.3d 267, 273–74 (6th Cir. 2009) ("'[S]exual contact,' as defined by § 2246(3), includes self-masturbation."); *United States v. Pawlowski*, 682 F.3d 205, 212 (3rd Cir. 2012) ("[T]he language of [§ 2246(3)] is unambiguous: it is clear that 'of any person' includes a defendant himself and does not require the touching of the victim."); *United States v. Raiburn*, 20 F.4th 416, 422 (8th Cir. 2021) ("Following our sister circuits, we . . . hold that the plain meaning of 'sexual contact' under U.S.S.G. § 2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes the act of masturbating.") (quotations omitted).

We see no reason to disagree with the consensus of our sister circuits, and Butler provides none.  Accordingly, we join our sister circuits and hold that "sexual contact" in this context includes masturbation.  We affirm.

## I.

Thomas Douglas Butler initiated inappropriate relationships with two minor victims and coerced them into engaging in sexually explicit conduct.

Butler began messaging the first minor victim ("MV1"), a fourteen-year-old girl, through the FaceFlow application and text messaging.  He then drove from Houston to San Antonio to pick up MV1, and she snuck out from her house to travel with him to Houston.  MV1's mother contacted the San Antonio Police Department once she realized that MV1 was missing.  The FBI obtained MV1's mother's consent to search MV1's phone.  In it, the FBI

discovered messages between MV1 and Butler that revealed their preparations to meet in secret and abscond. FBI agents tracked Butler to a hotel in Houston, where they arrested him. MV1 told a Child Forensic Interviewer that Butler had kept her constantly intoxicated and had sex with her eight times during the four days he kept her at the hotel.

FBI agents searched the hotel room—which Butler had been renting for a year—and seized three laptops, three iPhones, and one thumb drive. One of the laptops contained child pornography.

The search of the laptop also revealed that Butler had groomed another minor victim ("MV2"), a fifteen-year-old girl residing in North Carolina. Butler had contacted MV2 through online platforms and had coerced her into engaging in sexually explicit conduct on camera while video chatting with him. Butler recorded videos of these interactions and saved them on his laptop. The videos depicted MV2 masturbating, while screen-in-screen videos depicted Butler masturbating simultaneously. FBI agents contacted MV2's parents and scheduled a child forensic interview with MV2. During the interview, MV2 explained that she believed Butler was depressed, and that he would say things like "they're coming to get me" and "I'm going to shoot myself" to control her.

A grand jury indicted Butler on one count of coercion and enticement, in violation of 18 U.S.C. § 2422(b), and one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e). Butler pleaded guilty to these charges. As a factual basis for his guilty plea, Butler admitted that he "groomed minor victim two and used emotional ploys, such as threatening suicide, to gain control of her actions," and that he also "threatened to send some of the videos to her parents if she did not continue to engage in online sexual chats" with him. He also admitted that the videos "were obtained during Skype Chats" with MV2.

No. 22-20171

The presentence investigation report ("PSR") recommended a two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A), because the offense "involved the commission of a sexual act or sexual contact." The PSR also recommended a two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(B)(i), because the offense "involved the use of a computer to solicit the participation of MV2 to engage in sexually explicit conduct." The PSR calculated a total offense level of 42, which—combined with a criminal history category of IV—yielded a Guidelines range of 360 months to life imprisonment. Butler objected to the first enhancement, arguing that his crime did not involve "sexual contact" because he never had physical contact with MV2.

Butler renewed this objection at his sentencing hearing. But his attorney told the district court that, even if his objection was sustained, "it would not impact the guidelines range." He described his argument as "somewhat academic" and reiterated that "it won't impact the guidelines." After hearing the Government's response, the district court overruled Butler's objection. After stating that it was "mindful of" facts such as Butler's "significant criminal history," the district court sentenced him to 480 months of imprisonment. Butler timely appealed.

## II.

On appeal, Butler argues that the district court erred in imposing the § 2G2.1(b) enhancements. We address each enhancement in turn.

## A.

Butler argues that the district court erred in applying the two-level enhancement under § 2G2.1(b)(2)(A) because his crimes did not involve a "sexual act" or "sexual contact." He contends that a "sexual act" requires the intentional touching of another person, while "sexual contact" requires physical contact with another person. Butler maintains that he did not touch

or come into physical contact with MV2, and that MV2's masturbation does not constitute "sexual contact." He also argues that there is no evidence that MV2 masturbated with the intent to arouse or gratify his sexual desires.

Because Butler preserved this argument in the district court, our review of the Guidelines application is de novo. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). We review factual findings for clear error. *Id.* In making factual findings, "a district court may consider any information that bears sufficient indicia of reliability to support its probable accuracy." *United States v. Landreneau*, 967 F.3d 443, 451 (5th Cir. 2020) (quotations omitted).

The Guidelines provide for a two-level enhancement "[i]f the offense involved (A) the commission of a sexual act or sexual contact." U.S.S.G. § 2G2.1(b)(2)(A). The Application Notes incorporate the definitions of "sexual act" and "sexual contact" stated in 18 U.S.C. § 2246(2)–(3). *Id.* cmt. n.2. Section 2246(2) defines "sexual act" as "(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D). Section 2246(3) defines "sexual contact" as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." *Id.* § 2246(3).

Whether masturbation constitutes "sexual contact" is an issue of first impression for our circuit. Butler acknowledges that other circuits have already addressed this issue. What he omits is that those circuits have uniformly interpreted "sexual contact" to include masturbation. *See supra*, at 2. And they have interpreted "sexual contact" to include both

masturbation by the defendant and the coerced masturbation of a victim. *See Aldrich*, 566 F.3d at 979 (defendant); *Shafer*, 573 F.3d at 279 (victim); *Pawlowski*, 682 F.3d at 211–13 (defendant); *Raiburn*, 20 F.4th at 423–24 (both defendant and victim); *United States v. Sanchez*, 30 F.4th 1063, 1075 (11th Cir. 2022) (victim), *cert. denied*, 143 S. Ct. 227 (2022).

We are persuaded by our sister circuits. The plain meaning of "sexual contact" includes masturbation, because that act necessarily entails the "intentional touching . . . of the genitalia . . . of *any* person with an intent to . . . arouse or gratify the sexual desire of *any* person." 18 U.S.C. § 2246(3) (emphasis added). And that is so whether the act is performed by the defendant or by the victim.

This is further confirmed by Congress's deliberate decision to use different language to define a "sexual act." Congress limited the definition of a "sexual act" to the touching "of *another* person"—but it expanded the scope of "sexual contact" to the touching "of *any* person." *Compare* 18 U.S.C. § 2246(2)(D) (emphasis added), *with* 18 U.S.C. § 2246(3) (emphasis added). *See also Pawlowski*, 682 F.3d at 212 ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). "'Another person' clearly requires at least two individuals to be involved in the act. Thus, because Congress chose to use different language when defining 'sexual contact,' it seems clear that Congress intended not to limit 'sexual contact' in the same way it limited 'sexual act.'" *Shafer*, 573 F.3d at 273. The definition of "sexual contact" thus sweeps in masturbation by either a victim or a defendant—the "intentional touching . . . of the genitalia . . . of any person." 18 U.S.C. § 2246(3).

Here, it's undisputed that Butler's crimes involved masturbation by MV2. Butler denies that MV2 masturbated at his request or for his sexual gratification. But Butler ratified the government's summary of the facts, which states that he "groomed minor victim two and used emotional ploys, such as threatening suicide, to gain control of her actions, and he also threatened to send some of the videos to her parents if she did not continue to engage in online sexual chats with the defendant."

Butler also appears to argue that MV2 lacked the intent to arouse or gratify him because there is no evidence that MV2 was able to see him masturbating. But Butler admitted that the videos "were obtained during Skype Chats" and included screen-in-screen videos or screen swapping videos depicting Butler masturbating as he watched MV2 masturbate. It was reasonable for the district court to conclude that MV2 was able to see Butler masturbating.

Even if MV2 didn't see Butler masturbating, she knew that Butler was watching—after all, she acted at his behest. So it's reasonable to believe that MV2 intended to arouse or gratify his sexual desires. Moreover, § 2246(3) only requires that she intended to "arouse or gratify the sexual desire of *any* person," including herself. 18 U.S.C. § 2246(3) (emphasis added). It was reasonable to believe that, even if MV2 didn't intend to arouse or sexually gratify Butler, she meant to arouse or sexually gratify herself. *See Shafer*, 573 F.3d at 278 ("[S]elf-masturbation is an act meant to invoke a sexual response in the performer or a viewer."). We see no error in the district court finding that MV2 masturbated with the intent to arouse or sexually gratify "any person."

Accordingly, the district court did not err in applying U.S.S.G. § 2G2.1(b)(2)(A) to Butler's sentence.

**B.**

Butler also argues that the district court erred in applying the two-level enhancement under § 2G2.1(b)(6)(B)(i) because the Government failed to present evidence that he solicited MV2's participation in sexually explicit conduct. But Butler failed to preserve this argument in the district court, so we review only for plain error. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

"Under the plain error analysis, this Court may only reverse based on a forfeited error when there is: (1) an error; (2) that is clear or obvious; and (3) that affects the appellant's substantial rights." *Id.* at 647. "If the appellant establishes these factors, this Court may exercise its discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The Guidelines provide for a two-level enhancement if, "for the purpose of producing sexually explicit material," the offense of conviction involved "the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct." U.S.S.G. § 2G2.1(b)(6)(B)(i).

Our inquiry ends at step one of the plain error analysis. The parties agree that the Guidelines themselves do not provide a definition for "solicit." Butler proposes that "solicit" means to "ask, induce, advise, or command (a person) to do something." The Government suggests that "solicit" means to entice or lure. But under either definition, Butler plainly solicited MV2's participation in sexually explicit conduct. As noted earlier, Butler acknowledged that he "groomed" MV2, used "emotional ploys, such as threatening suicide, to gain control of her actions," and "threatened to send some of the videos to her parents if she did not continue to engage in

No. 22-20171

online sexual chats" with him. Accordingly, the district court did not err in finding that Butler solicited MV2's participation in sexually explicit conduct.

\* \* \*

We affirm.