[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12333
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00245-TWT-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREE E. GREY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 12, 2014)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jeree Grey appeals his conviction and sentence after a jury convicted him of forcible assault of a federal officer, in violation of 18 U.S.C. § 111(a)(1). Grey committed the offense while serving a 66-month sentence for a 2008 conviction in the Southern District of Florida for conspiring to distribute five kilograms or more of cocaine. In this case, the evidence at trial showed that in 2012, as inmates were on their way to their work assignments, Grey aggressively moved out of line toward the prison warden. Grey repeatedly punched the warden, causing the warden to fall to the ground, where Grey continued to strike the warden until prison guards restrained him.

Grey's theory at trial was that he did not intend to inflict injury, as he only planned to do something outrageous that would get him placed in special housing; and he thought the other prison guards would stop him before he made contact with the warden. The government requested a jury charge on forcible assault consistent with the Eleventh Circuit Pattern Jury Instructions, Offense Instruction 1.1. The government also requested that the following language supplement the pattern instruction, "[t]he law further provides that simple assault, which means a willful attempt to inflict some injury, coupled with physical contact is sufficient to constitute 'forcible assault.'" Grey objected that the supplemental language improperly fused together the forcible-assault and physical-contact elements of the statute. The district court ultimately charged the jury that:

2

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt: One, the Defendant forcibly assaulted the person described in the indictment; and, two, the person assaulted was a federal officer or employee performing an official duty.

A forcible assault is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death regardless of whether the act is carried out or the person injured. The law further provides that a willful attempt to inflict some injury coupled with physical contact is sufficient to constitute a forcible assault. Since minimal contact is sufficient to violate Section 111(a)(1), the physical contact need not have resulted in actual bodily injury.

The jury found Grey guilty, and the district court sentenced him to 87 months' imprisonment to run consecutively to his prior federal sentence.

The appeal presents two issues:

1. Whether the district court misstated the law in its jury instruction on forcible assault.

2. Whether collateral estoppel barred the district court from assigning criminal history points to Grey's prior conviction for bank fraud.

We see no reversible error.

I.

We review whether the district court misstated the law in a jury instruction *de novo*. *United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013). We

review *de novo* the district court's interpretation of a statute. *United States v. Dodge*, 597 F.3d 1347, 1350 (11th Cir. 2010) (*en banc*). "The district court has broad discretion in formulating its charge as long as the charge accurately reflects the law and the facts." *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). "When the jury instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." *United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir. 1996).

The Supreme Court has held that the omission of an element from the jury instructions is subject to harmless error analysis. *Neder v. United States*, 527 U.S. 1, 15, 119 S.Ct. 1827, 1837, 144 L.Ed.2d 35 (1999). Such an error is harmless when it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained," namely, "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error." *Id.* at 15-17, 119 S.Ct. at 1837 (quotation omitted).

Statutory interpretation begins with the "the language of the statute itself." *United States v. Aldrich*, 566 F.3d 976, 978 (11th Cir. 2009). An important canon of statutory interpretation is that courts shall presume that a statute means what it

4

says and says what it means. *Id.* "[S]tatutes should be construed so that no clause, sentence, or word shall be superfluous, void, or insignificant." *Id.* Overlapping statutory provisions are not necessarily wholly superfluous. *Cf. Conn. Nat'l. Bank v. Germain*, 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (describing that "[r]edundancies across statutes are not unusual events in drafting"); *see also Piazza v. Nueterra Healthcare Physical Therapy* (*In re Piazza*), 719 F.3d 1253, 1266-67 (11th Cir. 2013) (applying *Conn. Nat'l Bank* to a superfluity argument regarding two subsections of the same statute).

The current version of 18 U.S.C. § 111-- under which Grey was convicted -- uses these words:

(a) In general. -- Whoever --

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty. -- Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to

5

do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111 (emphasis added).

Section 111 of Title 18 of the United States Code establishes three levels of forcible assault: (1) simple assault, defined as "a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm"; (2) "all other cases" of forcible assault that involve physical contact or the intent to commit another felony; and (3) "all other cases" of forcible assault where the defendant uses a deadly or dangerous weapon or inflicts bodily injury.[1] *United States v. Gutierrez*, No. 12-13809, manuscript op. at 5 (11th Cir. Jan. 16, 2014) (citing *Martinez*, 486 F.3d 1239, 1244-45 (analyzing a prior version of 18 U.S.C. § 111)) (quotation omitted).  In *United States v. Siler*, we stressed that 18 U.S.C. § 111 creates three separate crimes.  734 F.3d 1290, 1296 (11th Cir. 2013).  "Each [crime] has one or more

---

[1] The use of the "all other cases" language tracks the pre-2008 version of 18 U.S.C. § 111, which provided that a person who forcibly assaults, resists, opposes, impedes, intimidates, or interferes with a federal officer engaged in his official duties shall be fined or imprisoned not more than one year "where the acts . . . constitute only simple assault," or fined or imprisoned not more than eight years "in all other cases."  *See* 18 U.S.C. § 111 (2002); *see* Court Security Improvement Act of 2007 ("CSIA"), Pub. L. No. 110-177, § 208(b), 121 Stat. 2534 (2008) (describing changes to § 111).

elements of the preceding category or categories, but adds an element or elements upon which is conditioned a steeply increased penalty.  Each element has to be charged and proven beyond a reasonable doubt in the case of a jury trial." *Id.*

In *Martinez*, we analyzed the prior version of 18 U.S.C. § 111, which provided for two levels of forcible assault: (1) a misdemeanor offense if the conduct constituted simple assault, or (2) a felony offense punishable by up to three years[2] in prison "in all other cases." *See* 486 F.3d at 1244.  The defendant in *Martinez* was charged under § 111(a) with an offense involving physical contact. *Id.* at 1246.  We decided that such an offense fell within the "all other cases" of forcible assault rather than the simple assault category. *Id.*  In doing so, we specifically rejected the defendant's argument that the second category of forcible assault always required a threat to inflict serious bodily injury; and we noted that an assault with physical contact was sufficient to constitute forcible assault under the statute. *Id.*  So, we upheld the district court's jury instruction, which had provided that a forcible assault is "an assault which results in physical contact which does not involve a deadly weapon or bodily harm." *Id.*

We recently applied *Martinez* in addressing the sufficiency of jury instructions given in a trial where the defendant was charged with forcibly

---

[2] In 2002, an amendment increased the maximum punishment from three years to eight years. *Siler*, 734 F.3d at 1294 n. 3.  The version of the statute analyzed in *Martinez* involved the three-year penalty. *Martinez*, 486 F.3d at 1244-45.

assaulting a federal officer under the current version of 18 U.S.C. § 111(a) and (b). *See Gutierrez*, manuscript op. at 4-5, 11-16. In *Gutierrez*, the defendant challenged the district court's failure to instruct the jury on the lesser-included offense of simple assault and its failure to define forcible assault for the jury. *Id.* at 11-16. The *Gutierrez* defendant did not contest that he had made physical contact with the federal officer. *Id.* at 12. We wrote that "[a]n assault is not classifiable as a 'simple assault' if the assailant had physical contact with the victim." *Id.* at 12. Moreover, to find that a defendant has committed forcible assault, the jury need not find intent to inflict serious bodily injury where physical contact has been made. *Id.* at 13. We further explained that although forcible assault includes any willful threat or attempt to inflict bodily injury with the apparent or present ability to do so, "this is not . . . the only species of forcible assault," as "an assault with physical contact constitutes forcible assault." *Id.* at 15 (citing *Martinez*, 486 F.3d at 1246).

Here, the district court did not misstate the law in its instruction on forcible assault. The district court's pattern charge on the general definition of forcible assault -- which provided that a "forcible assault is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death regardless of whether the act is carried out or the person injured" -- was a correct statement of the law. *See United*

*States v. Fallen*, 256 F.3d 1082, 1090 (11th Cir. 2001).  Moreover, the district court's addition of the language from *Martinez*, which further defined forcible assault as intent to inflict some injury coupled with physical contact, was an accurate statement of the law fitting the evidence presented in Grey's case.  *See Gutierrez*, manuscript op. at 15; *Martinez*, 486 F.3d at 1245-46.  Grey's contention that forcible assault requires intent to inflict serious bodily harm is mistaken, as we have expressly stated (even after the 2008 statutory revision) that the jury is not required to find "intent to inflict serious bodily injury where physical contact has been made."  *See Gutierrez*, manuscript op. at 13.

Grey's argument that the district court's definition of forcible assault renders the physical contact element superfluous is incorrect: forcible assault involving physical contact is only one way to establish forcible assault, but not the only way under the statute.  *See id.* at 15; *Martinez*, 486 F.3d at 1246.  While this definition creates an overlap between the acts listed in subsection (a) and the physical contact element, it does not render the physical contact element wholly superfluous because one can still be found guilty of forcible assault without physical contact. *See* 18 U.S.C. § 111(a); *Cf. Conn. Nat'l Bank*, 503 U.S. at 253, 112 S.Ct. at 1149.

To the extent Grey argues that, in his case, the district court erred by not instructing the jury that physical contact is a separate element that must be proved beyond a reasonable doubt, the district court's supposed error was harmless.

Although the district court mentioned physical contact in its definition of forcible assault, it only instructed the jury distinctly that, to find Grey guilty, the following facts needed to be proven beyond a reasonable doubt: (1) Grey forcibly assaulted the person in the indictment; and (2) the person assaulted was a federal officer performing his official duties. This charge was arguably erroneous because the district court never instructed the jury that it was required to find physical contact.[3] For background, see *Siler*, 734 F.3d at 1294-96. Still, any error was harmless, because the evidence submitted at trial showing that Grey had made physical contact with the warden was overwhelming and undisputed. *See Neder*, 527 U.S. at 16-17, 119 S.Ct. at 1837. Moreover, Grey's lawyer conceded during closing argument -- and on appeal -- that Grey had punched the warden and that he had made physical contact. Therefore, the district court's failure to instruct on the separate element of physical contact was harmless beyond a reasonable doubt: the physical-contact element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error. *See Neder*, 527 U.S. at 17, 119 S.Ct. at 1837. We affirm Grey's conviction under 18 U.S.C. § 111(a)(1).

---

[3] Although neither *Siler* nor *Gutierrez* expressly states that physical contact is an element that must be charged and proven, physical contact is an element that must be found beyond a reasonable doubt under *Apprendi v. New Jersey*, because it is a fact that raises the statutory maximum. *See Apprendi*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).

10

II.

About issue preclusion, a district court's ruling on whether collateral estoppel and so on apply to an issue is a question of law that we review *de novo*. *United States v. Shenberg*, 89 F.3d 1461, 1478 (11th Cir. 1996). The doctrine of collateral estoppel applies to criminal proceedings through the Fifth Amendment's guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 1194-95, 25 L.Ed.2d 469 (1970). "Under the collateral estoppel doctrine, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *United States v. Valdiviez-Garza*, 669 F.3d 1199, 1201 (11th Cir. 2012) (quotation omitted) (emphasis added). To invoke collateral estoppel successfully, the party must show: "(1) that the issue in question was actually raised and litigated in the prior proceeding; (2) that the determination was a *critical* and *necessary* part of the final judgment in the earlier litigation; and (3) that the issue in the later proceeding is the same as that involved in the prior action." *United States v. Carter*, 60 F.3d 1532, 1535 (11th Cir. 1995) (emphasis in original).

Here, collateral estoppel did not bar the district court from assigning criminal history points to Grey's 2002 conviction for bank fraud.  Grey argues that collateral estoppel applies because the earlier sentencing court in his 2008 proceedings determined that his 2002 bank fraud conviction was related to his 2002 forgery conviction.  The only evidence Grey submitted in support of this argument was his 2008 presentence investigation report ("2008 PSI"): not a judgment.

The 2008 PSI assigned one criminal history point to Grey's 2002 forgery conviction, zero criminal history points to Grey's 2002 bank fraud conviction citing U.S.S.G. § 4A1.2(a)(2), and one criminal history point to Grey's 2002 theft of property conviction.   The 2008 PSI also indicated that Grey's 2002 bank fraud conviction involved stolen checks that were used to purchase motorcycles. Furthermore, the 2002 theft of property conviction was for stealing motorcycles and involved the victims and offense related to Grey's 2002 bank fraud conviction. On the other hand, the PSI prepared for the instant proceedings ("2012 PSI") assigned two criminal history points to Grey's 2002 bank fraud conviction, one criminal history point for his 2002 forgery conviction, and zero points to his 2002 theft of property conviction.

Collateral estoppel does not apply because the 2008 PSI does not show -- cannot show, by itself -- that the relatedness of Grey's 2002 convictions for forgery

12

and bank fraud was determined by a valid and final judgment. *See Valdiviez-Garza*, 669 F.3d at 1201. A district court is not bound by the recommendations in the PSI. *See* Fed.R.Crim.P. 32(f), (i). Thus, collateral estoppel did not prevent the district court from assigning criminal history points to Grey's bank fraud conviction.

**AFFIRMED.**