[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15556
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-14021-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK ALDRICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

BARKETT, Circuit Judge:

Jack Aldrich appeals his 168-month sentence for using a computer to entice

a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Aldrich argues that the district court erred in applying a two-level enhancement at sentencing under U.S.S.G. § 2G2.1(b)(2)(A) based on a finding that Aldrich's masturbating for a minor female[1] in front of his web camera constituted a "sexual contact." Aldrich also raises a due process argument based on the alleged inaccuracy of the statement in his presentence investigation report ("PSI") that Aldrich was masturbating "in front of" a minor when in fact he was in front of his web camera.[2]

Under U.S.S.G. § 2G2.1(b)(2)(A), a two-level increase applies to a defendant's base offense level if the base offense involves "the commission of a sexual act or sexual contact." A "sexual contact" is defined as "the intentional touching . . . of the genitalia, anus, groin, breast, inner thigh, or buttocks of <u>any person</u> with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3) (emphasis added).

The district court applied the two-level enhancement based on its finding that the plain meaning of the phrase "any person," as used in the definition of

_____

[1] In fact, the "minor" was an undercover officer posing as a fifteen year-old female.

[2] We "review a district court's finding of fact for clear error and its application of the Sentencing Guidelines <u>de novo</u>." <u>United States v. Rendon</u>, 354 F.3d 1320, 1329 (11th Cir. 2003). We also review "<u>de novo</u> questions of statutory interpretation." <u>United States v. Maupin</u>, 520 F.3d 1304, 1306 (11th Cir. 2008).

"sexual contact," unambiguously referred to the touching of all people, including Aldrich himself, and that therefore, contrary to Aldrich's position, masturbation constituted "sexual contact" for purposes of the enhancement. The district court also rejected Aldrich's argument – made for the first time at sentencing – that "any person" could not include oneself, because it was not possible for Aldrich to "harass" himself, one of the six potential motives of § 2246(3). Aldrich argued that an individual must be able to perform all six prohibited acts under the statute in order to violate it. Finally, the district court rejected Aldrich's argument that the rule of lenity should apply in his favor, because the statute was ambiguous and there was no controlling precedent. U.S. v. Santos, __ U.S. __, 128 S.Ct. 2020, 2025 (2008). Aldrich reiterates his arguments on appeal, and we address each below.

The Supreme Court has held that the "starting point" of statutory interpretation is "the language of the statute itself." Randall v. Loftsgaarden, 478 U.S. 647, 656 (1986). The "cardinal canon" of statutory interpretation is that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992). Finally, statutes should be construed so that "no clause, sentence, or word shall be superfluous, void, or insignificant. U.S. v. Ballinger, 395 F.3d

1218, 1236 (11th Cir. 2005) (quotations and citations omitted).

Based on our review of the record and the relevant law, we conclude as the district court did that the plain meaning of "sexual contact" under U.S.S.G. § 2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes the act of masturbating. The statute's operative phrase "any person" applies to all persons, including Aldrich himself. We come to this conclusion based on our observation that § 2246(2)(D) defines a "sexual act" as the "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." (emphases added). We believe that § 2246(2)(D) clearly indicates that Congress used the phrase "any person" when it meant to include the offender himself, as well as another individual, and the phrase "another person" when it meant to exclude the offender. Therefore, the use of the phrase "any person" in the § 2246(3) definition of "sexual contact" demonstrates Congress's intent to include masturbation among the acts to which the definition and the § 2G2.1(b)(2)(A) enhancement was meant to apply.

We also reject Aldrich's argument that because one cannot "harass" oneself, the definition of "sexual contact" must not include masturbation. Section 2246(3) uses the conjunction "or" instead of "and" in its list of potential motives; therefore

4

a defendant need only intend to "abuse, humiliate, harass, degrade, or arouse or gratify" in order to violate the statute. Id. (emphasis added). That Aldrich could not do one of these things is immaterial so long as he could do another.[3]

Finally, we find no merit to Aldrich's due process argument, because the PSI did not contain invalid factual premises that infringed on Aldrich's constitutional rights. Compare U.S. v. Stephens, 699 F.2d 534, 537 (11th Cir. 1983). There is no constitutionally significant difference between masturbating in front of a minor in person versus doing so via web camera, and we see no other indication that Aldrich lacked proper notice of the sentence he faced. The judgment of the district court is

**AFFIRMED.**

---

[3] Because we have held that the statute is unambiguous, the rule of lenity does not apply, and we therefore reject Aldrich's argument on that issue.