**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 11-1542

UNITED STATES OF AMERICA,

Appellee,

v.

GREGORIO ROMAN-PORTALATIN,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Dominguez, U.S. District Judge]

Before

Lynch, Chief Judge,
Souter, Associate Justice,[*]
and Lipez, Circuit Judge.

Chauncey B. Wood, with whom Wood & Nathanson, LLP, was on brief, for appellant.
Julia M. Meconiates, Assistant United States Attorney, with whom Rosa Emila Rodriguez-Velez, United States Attorney, and Nelson Pérez-Sosa, were on brief, for appellee.

April 25, 2012

---

[*] The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice.** The defendant, Gregorio Roman-Portalatin, pleaded guilty to charges of persuading a minor to engage in unlawful sexual conduct, 18 U.S.C. § 2422(b), and possessing child pornography, 18 U.S.C. § 2252(a)(4)(B). Although the plea agreement recommending a sentence of 135 months in prison was based on the assumption of an advisory guidelines sentencing range of 135-168 months, the probation officer's presentence report calculated the range at 168-210 months owing to what the Government here agrees was the erroneous assumption that the sentencing range was subject to enhancement by application of United States Sentencing Guideline § 2G2.1(b)(6)(B)(ii), referring to use of a computer to "solicit participation with a minor in sexually explicit conduct for the purpose of producing sexually explicit material or for the purpose of transmitting such material live." The Government accepts the defendant's position that this provision applies only to communications with third parties, not with a victim, see United States v. Jass, 569 F.3d 47, 66-68 (2d Cir. 2009), a position that we have no occasion to pass upon. Defense counsel did not, however, file any objection to the report on this point, and at the sentencing hearing the District Court accepted the range as calculated by the probation officer. The judge went on to explain that he was varying downward from that range, by imposing a 145 month sentence for the sexual conduct, based on the sentencing considerations listed in 18 U.S.C. § 3553(a), along with

-2-

a concurrent 120 months on the possession charge. When defense counsel then sought reconsideration and questioned the applicability of the Guidelines subsection (ii) for computer use, the judge responded that he had not applied that provision when he imposed the sentence below the 168-210 month range.

Despite the judge's variance from the higher Guidelines range, in this appeal from the sentence Roman-Portalatin argues that the erroneous range enhancement calculation affected him prejudicially on one or the other of two theories: either that the judge decided on a figure to subtract from the low end of the Guidelines range, leaving a higher result after doing the math; or that the judge engaged in a soft-edged numerical comparison, with the agreed upon 135 months looking just too low as measured against a range starting at 168.

The Government responds that this reasoning is irrelevant, given the announced reliance on § 3553(a), not the Guidelines. In the alternative it points out that the defendant could not have been prejudiced by the error, on the assumption there was one. Section 2G2.1(b)(6)(B)(i) provides the same sentence enhancement for using a computer to induce the victim to engage in sexually explicit conduct with intent to produce related material or transmit it live, as (ii) provides when the communication is with a third party, and the plea agreement makes it clear that Roman-Portalatin employed his computer to induce the

victim to submit to what is conventionally called statutory rape "and to send images of herself naked and touching herself via the web cam."

We need not go into the former response, for the latter is dispositive under each of the defendant's alternative analyses of what happened: that his counsel preserved the objection to applying § 2G2.1(b)(6)(B)(ii), that counsel failed to preserve it but plain error affected the sentence, or that counsel's deficiency at preserving the error amounted to constitutionally ineffective assistance entitling him to resentencing. Prejudice is ordinarily a necessary condition for any order for resentencing, no matter how we view the record, and the defendant loses no matter which standard of error correction we might apply.

If we assume that the claim was preserved, the sentence still stands if the Government can show that the error was harmless. See, e.g., United States v. McGhee, 651 F.3d 153, 158 (1st Cir. 2011) ("[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." (alteration in original) (quoting Williams v. United States, 503 U.S. 193, 203 (1992))).

Here, the Government's burden is clearly satisfied: the defendant signed the "Government's Version of the Facts" in the plea agreement, stating that he "did use . . . a computer . . . to knowingly . . . induce . . . a fifteen year-old female to engage in sexual activity with him and to send via the web cam images of herself in sexually explicit poses." The consideration of computer use to set the higher sentencing range as calculated in the presentence report was therefore undoubtedly correct, and the mistaken subsection citation does not rise above the level of typographical mistake.

If, instead, we assume the claim was not preserved by adequate objection at the hearing, the defendant's burden to obtain relief under the plain error standard includes a showing that the error affected his substantial rights, that is, that there is a reasonable probability that the judge would have imposed the sentence agreed upon (or at least one less than 145 months), absent the error, see United States v. González-Castillo, 562 F.3d 80, 83 (1st Cir. 2009). For the reason just explained, he cannot do that, no matter what significance (if any) the consideration of computer use might have played in the sentencing judge's mental process.

And, quite obviously, the same reason dooms the claim of constitutionally ineffective assistance of counsel, which requires a defendant to show "a reasonable probability that, but for counsel's ... errors, the result of the proceeding would have been

different." Strickland v. Washington, 466 U.S. 688, 694 (1984). The most that counsel might have done here would have resulted in substituting "(i)" for "(ii)" in a corrected presentence report.

**Affirmed.**