13-1019-cr
*United States v. Dean*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of June, two thousand and fourteen.

PRESENT:

BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,

            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

            *Appellee*,

    -v.-                         No. 13-1019-cr

EDWARD DEAN AKA SKIP,

            *Defendant-Appellant*.

_____

                        ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, NY, *for Defendant-Appellant.*

                        SONJA M. RALSTON, Attorney, Appellate Section, Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Deputy Assistant Attorney General, U.S. Department of Justice, Criminal Division, Washington, DC;

Brenda Sannes, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the decision of the District Court is **REMANDED.**

On August 7, 2012, Defendant-Appellant Edward Dean pleaded guilty in the Northern District of New York to production of child pornography, in violation of 18 U.S.C. § 2251(a), and to transporting a minor across state lines for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(a). On December 21, 2012, Dean orally moved, *pro se*, to withdraw his guilty plea. The district court denied this motion by written opinion on February 6, 2013. The district court (McAvoy, *J.*) sentenced Dean on March 4, 2013, to a term of 300 months' imprisonment, to be followed by 20 years of supervised release. Dean timely appeals both the district court's denial of his withdrawal motion and his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review the denial of a motion to withdraw a plea for an abuse of discretion and will reverse only when "the denial of a withdrawal motion rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005) (internal quotation marks omitted).

A motion to withdraw a plea before sentencing may be granted when the defendant demonstrates a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "While this standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there

2

are valid grounds for withdrawal." *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008) (internal quotation marks omitted). "To determine whether the defendant has proffered a 'fair and just reason'" justifying withdrawal, "a district court should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *Id.*

Dean asserts that in order to resolve his withdrawal motion, the district court improperly contacted the U.S. Marshals Service, *ex parte*, to investigate Dean's mental state at the time of his plea. At sentencing, in a colloquy with the defendant, the district court stated that it communicated with the Marshals Service or perhaps others concerning Dean, but the record does not describe these communications in any detail. To aid our review on appeal, we ask the district court to explain the circumstances surrounding these communications, including what information was received and from whom. Within twenty days of the district court's response to this order, any party to the proceedings may restore jurisdiction to this panel by giving notice to the Clerk of the Court. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

For the foregoing reasons, the action is hereby **REMANDED** to the district court for further proceedings.[*]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[*] We express no views on Dean's procedural and substantive reasonableness challenges to his sentence and will resolve those issues upon jurisdiction being restored in this Court.

3