*United States v. Dean*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of November, two thousand fourteen.

PRESENT:

> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
>
> *Circuit Judges.*

---------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                                No. 13-1019-cr

EDWARD DEAN AKA SKIP,

*Defendant-Appellant*.

---------------------------------------------------

> ROBERT A. CULP, Law Office of Robert A. Culp, Garrison, NY, *for Defendant-Appellant*.

1

SONJA M. RALSTON, Attorney, Appellate Section, Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Deputy Assistant Attorney General, U.S. Department of Justice, Criminal Division, Washington, DC; Brenda Sannes, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court are **AFFIRMED.**

On August 7, 2012, Defendant-Appellant Edward Dean pled guilty in the Northern District of New York to production of child pornography in violation of 18 U.S.C. § 2251(a), and to transporting a minor across state lines for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. § 2423(a). On December 21, 2012, Dean orally moved to withdraw his guilty plea. The district court (McAvoy, *J.*) denied this motion by written opinion on February 6, 2013. On March 4, 2013, he sentenced Dean to a term of 300 months' imprisonment, to be followed by 20 years of supervised release. Dean timely appealed the denial of the motion to withdraw and the sentence. In a summary order filed on June 25, 2014, this Court remanded the case to the district court pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), seeking clarification from Judge McAvoy about any independent inquiry he may have made into Dean's mental condition. *United States v. Dean*, 570 F. App'x 103 (2d Cir. 2014). Judge McAvoy has responded to our request, and we now affirm his orders denying Dean's withdrawal motion and sentencing Dean principally to 300 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our *Jacobson* remand required Judge McAvoy to explain statements he made during sentencing that, according to Dean, required his recusal from the case. Sections 455(a) and (b)(1)

2

of Title 28 require a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," *id.* § 455(a), or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1). Where, as here, a motion to recuse was not made below, "we review a district court's failure to recuse itself for plain error." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008).

We conclude that Judge McAvoy did not plainly err by failing to recuse himself. Immediately prior to sentencing, Dean sought to revisit his motion to withdraw his guilty plea and alleged that his attorney had failed to present information concerning his mental state in support of that motion. Judge McAvoy's response suggested that he may have independently gathered information about Dean's mental condition. But on remand, Judge McAvoy clarified – and had two U.S. Marshals confirm – that he did not "communicate with the 'Marshals Service' or anyone about the defendant's mental state" or "receive any such communication from any such person who had custody of him during the entire proceeding." These assurances, coupled with the context surrounding the statements, satisfy us that no "reasonable person, knowing all the facts, would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation mark omitted).

As for the substance of the district court's decision to deny Dean's motion to withdraw his plea, we review the denial for an abuse of discretion and reverse only when it "rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005) (internal quotation marks omitted). A motion to withdraw a plea before sentencing may be granted when the defendant demonstrates a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P.

3

11(d)(2)(B). "While this standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal." *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008) (internal quotation marks omitted). The district court should consider, inter alia, "(1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *Id.* Where a motion to withdraw a plea is premised on involuntariness, the "defendant must raise a significant question about the voluntariness of the original plea . . . . [B]ald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (internal citations omitted).

We detect no abuse of discretion in the denial of Dean's motion to withdraw his plea. In his plea allocution, Dean stated that his emotions had been "up and down" and that he had been under "supervision," but Dean confirmed that he was not on medication or subject to direct intervention. A22. He affirmed that he was pleading voluntarily. A23. Dean's statements during the remainder of the hearing — including his attempts to correct elements of the government's recitation of the facts — confirm that he understood the gravity of the proceeding. Yet when he sought to withdraw his plea, Dean's attorney stated that Dean had "been on suicide watch" prior to the plea hearing and felt that he was "under duress." A100. As the district court noted in denying the motion, these statements were unsubstantiated and "simply contradict[ed] what he said at his plea allocution." *Torres*, 129 F.3d at 715. Dean's motion to withdraw his plea was further undercut by the fact that he did not make the motion until four months after the plea. *See, e.g.*, *United States v. Grimes*, 225

4

F.3d 254, 259 (2d Cir. 2009) (per curiam) (affirming denial of motion to withdraw based in part on a five month delay between the plea and the motion). The district court committed no error in denying the motion without a hearing under these circumstances.

Next, Dean challenges his sentence, arguing that it is both procedurally and substantively unreasonable. This Court reviews all sentences under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). We first ensure that the district court has committed no procedural error by reviewing its "findings of fact at sentencing for clear error and its application of the [United States Sentencing] Guidelines de novo." *United States v. Diamreyan*, 684 F.3d 305, 308 (2d Cir. 2012) (per curiam). If a sentence is procedurally sound, we then review its substantive reasonableness based on the "totality of the circumstances and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (citation and internal quotation marks omitted).

The district court committed no procedural error. Dean first argues that the district court erred in applying Guidelines § 4B1.5(b) to enhance his sentence for engaging "in a pattern of activity involving prohibited sexual conduct." But a "pattern of activity" requires only "two separate occasions" of prohibited conduct, and Dean concedes that he engaged in at least two prohibited sexual acts with the victim in this case. U.S.S.G. § 4B1.5(b) cmt. 4(B)(i); *see United States v. Broxmeyer*, 699 F.3d 265, 284-85 (2d Cir. 2012) (holding that the two instances may include the charged conduct). The Guidelines do not require two separate victims, *see* PROTECT Act of 2003, Pub. L. No. 108-21, § 401(i)(1)(A) (removing the requirement of at least two victims), and even if they did, the district court did not err – much less clearly err – in finding that Dean

5

committed prohibited acts against two other individuals. Dean also argues that the district court incorrectly enhanced his sentence under Guidelines § 2G2.1(b)(2)(A), an enhancement the court found appropriate on the ground that the pornographic images Dean sent depicted "the commission of a sexual act or sexual contact." Dean's argument, however – that this enhancement does not apply to images depicting a person touching himself or herself – is unsupported by the text of the provision. Section 2G2.1(b)(2)(A) incorporates the definitions of "sexual act" and "sexual contact" in 18 U.S.C. § 2246. While "sexual act" requires that an image depict the touching "of another person," 18 U.S.C. § 2246(b)(2), "sexual contact" requires only that the image depict the touching "of *any* person," *id.* § 2246(b)(3) (emphasis added). Accordingly, the conduct depicted in Dean's pictures unambiguously qualifies as "sexual contact." *See United States v. Pawlowski*, 682 F.3d 205, 212-13 (3d Cir. 2012) (holding that "sexual contact" unambiguously encompasses "the touching of oneself"); *United States v. Shafer*, 573 F.3d 267, 273 (6th Cir. 2009) ("'Any person' includes a person touching himself or herself."). Finally, we find no error in the district court's application of the § 2G1.3(b)(2)(B) enhancement for "unduly influenc[ing] a minor to engage in prohibited sexual conduct."

Turning to Dean's substantive reasonableness challenge, we conclude that the district court's sentence was permissible. The district court thoroughly considered Dean's criminal conduct and his history. Based on the facts in the record, its imposition of a below-Guidelines sentence was not one of the "rare case[s]" where the sentence is "shockingly high." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Nor is Dean's prior state sentence a proper benchmark for the reasonableness of his federal sentence. "When a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offences."

6

*Heath* v. *Alabama*, 474 U.S. 82, 88 (1985) (internal quotation marks omitted). The district court therefore acted properly by setting Dean's sentence based on the applicable federal laws and sentencing guidelines, and we affirm its sentencing decision.

We have considered Dean's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk