# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1081

_____

Lyle Hodde; Alice Hodde; Hodde & Sons Limited Partnership

*Plaintiffs - Appellants*

v.

American Bankers Insurance Company of Florida

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: October 21, 2015
Filed: March 7, 2016

_____

Before RILEY, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

In 2011, floodwaters from the Missouri River destroyed the Hoddes' property in Iowa. Prior to the flood, the Federal Emergency Management Agency (FEMA) issued a flood-in-progress designation. The Hoddes believed that the FEMA designation rendered their two Standard Flood Insurance Policies (SFIPs) worthless for the pending flood and elected to cancel them. One year later, however, Congress

passed the Biggert-Waters Flood Insurance Reform Act of 2012 (FIRA), a remedial amendment that would have extended coverage for the Hoddes but for the fact that they had canceled the SFIPs. The Hoddes filed this suit against American Bankers Insurance Company of Florida ("American Bankers"), the issuer of the SFIPs, seeking reinstatement of the SFIPs and payment for their flood loss. After a bench trial, the district court[1] concluded that the Hoddes were chargeable with knowledge of the terms of the SFIPs and that the FIRA does not reinstate the canceled SFIPs. The Hoddes appeal. We affirm.

## I. *Background*

The Hoddes own property near the Missouri River in Iowa. On May 31, 2011, they purchased two SFIPs from American Bankers pursuant to the National Flood Insurance Program. The SFIPs provided a 30-day waiting period in which the Hoddes could cancel the SFIPs and receive a full refund. Additionally, the SFIPs would not cover any flood damage caused by a flood that FEMA declared to be in progress before the waiting period expired.

On June 6, FEMA declared that the Missouri River was flooding. That flood-in-progress designation included the county in which the Hoddes' property was located. Under the law at the time of the flood, the Hoddes' recently purchased insurance policies were rendered ineffective for the existing flooding event because the flood would be deemed to have occurred before the expiration of the 30-day waiting period. The Hoddes were thus left with insurance policies that apparently would not cover impending flood damage from a major flood of the Missouri River. Shortly after the FEMA designation, the Hoddes' insurance agent informed them that they could cancel the SFIPs and receive a full refund. On June 20, Mr. Hodde executed a cancellation request for the two policies. And in July, after the expiration

---

[1] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

of the 30-day waiting period, the Hoddes' property was destroyed by floodwaters from the Missouri River. Had FEMA not declared the flood in progress, the insurance policies—if not canceled—would have covered the loss.

One year later, Congress passed the FIRA. The FIRA includes a provision that mitigated the effects of FEMA's preemptive flood-in-progress designation for the 2011 flood of the Missouri River. Specifically, the FIRA extended coverage for landowners who purchased flood insurance between May 1, 2011, and June 6, 2011, and did not suffer flood damage for at least 30 days. The Hoddes satisfy these requirements. The Hoddes filed a claim, but American Bankers denied coverage because the Hoddes canceled the SFIPs for a full premium refund before the damage occurred. The Hoddes filed this suit, seeking reinstatement of their policies under the FIRA.

After a bench trial, the court entered final judgment for American Bankers, concluding that the FIRA does not "state or provide that all cancel[ed] policies were to be reinstated automatically." The Hoddes appeal. We have jurisdiction to review the final judgment of the district court pursuant to 28 U.S.C. § 1291.

## II. *Discussion*

The Hoddes purchased flood insurance on May 31, 2011, canceled that insurance effective June 20, 2011, and received a full refund of the premiums paid. The Hoddes do not assert that they rescinded the cancellation. The Hoddes' only argument on appeal is that the FIRA retroactively reinstated their flood insurance policies. American Bankers argues that it did not. We agree.

The district court's judgment turns on the statutory interpretation of the FIRA, which we review de novo. *United States v. Kirchoff*, 387 F.3d 748, 750 (8th Cir. 2004) (citation omitted). As with any question of statutory interpretation, we begin with the statute's plain language. *Owner-Operator Indep. Drivers Ass'n, Inc. v.*

*Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011) (citation omitted). Section 100227(b) of the FIRA provides:

> EFFECTIVE DATE OF POLICIES COVERING PROPERTIES AFFECTED BY FLOODING OF THE MISSOURI RIVER IN 2011.
>
> (1) ELIGIBLE COVERAGE.—For purposes of this subsection, the term "eligible coverage" means coverage under a new contract for flood insurance coverage under the National Flood Insurance Program, or a modification to coverage under an existing flood insurance contract, for property damaged by the flooding of the Missouri River that commenced on June 1, 2011, that was purchased or made during the period beginning May 1, 2011, and ending June 6, 2011.
>
> (2) EFFECTIVE DATES.—Notwithstanding section 1306(c) of the National Flood Insurance Act of 1968 (42 U.S.C. 4013(c)), or any other provision of law, any eligible coverage shall—
>
> > (A) be deemed to take effect on the date that is 30 days after the date on which all obligations for the eligible coverage (including completion of the application and payment of any initial premiums owed) are satisfactorily completed; and
> >
> > (B) cover damage to property occurring after the effective date described in subparagraph (A) that resulted from the flooding of the Missouri River that commenced on June 1, 2011, if the property did not suffer damage or loss as a result of such flooding before the effective date described in subparagraph (A).

Moving Ahead for Progress in the 21st Century Act, Pub. L. No. 112-141, § 100227(b), 126 Stat. 405, 943–44 (2012).

To benefit from the FIRA, a claimant must prove possession of "eligible coverage." Eligible coverage is "coverage" under a new or modified insurance contract that was purchased between May 1 and June 6, 2011, for property that was

damaged by the Missouri River flood that commenced on June 1, 2011. The Hoddes purchased flood insurance on May 31, 2011, which was to become effective on June 30, 2011, due to the SFIP waiting period. After hearing of FEMA's designation, rather than leave the SFIPs in place, on June 20, 2011, the Hoddes canceled the SFIPs and sought full reimbursement of their premiums. As such, the Hoddes were never actually covered for any flood loss. Nothing in the FIRA's subsection (b)(1) describing the term "eligible coverage" includes insurance contracts voluntarily canceled by the insured before their effective date. *Coverage*, Black's Law Dictionary (10th ed. 2014) (including the definitions "[i]nclusion of a risk under an insurance policy" and "the risks within the scope of an insurance policy"). Upon cancellation of the SFIPs purchased on May 31, the Hoddes had no policy and hence no coverage for any flooding event.

The Hoddes argue that the FIRA is remedial legislation intended "to aid those persons who had purchased flood insurance" during the applicable time period and who suffered damage. Accordingly, they argue that the FIRA should not be construed to distinguish between those that kept the insurance and those that canceled it and received a refund of their premiums. They reason that "[i]f Congress intended to [exclude those that canceled the insurance], they could easily have done so by excluding policies that were cancel[ed]." Unfortunately, prematurely canceling the policy effectively placed the Hoddes outside the ambit of those persons who had purchased flood insurance. The FIRA does not contain language to reinstate the SFIPs that were canceled before they became effective.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____