# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3314
_____

United States of America

*Plaintiff - Appellee*

v.

Edward Lee Raiburn

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: October 18, 2021
Filed: December 15, 2021
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

SMITH, Chief Judge.

Edward Lee Raiburn pleaded guilty to one count of production of child pornography and was sentenced to 360 months' imprisonment. On appeal, he argues

that the district court[1] erred in (1) applying a two-level enhancement for an offense involving "the commission of a sexual act or sexual contact," U.S.S.G. § 2G2.1(b)(2)(A), and (2) applying a two-level enhancement for use of a computer to "solicit participation with a minor in sexually explicit conduct," U.S.S.G. § 2G2.1(b)(6)(B)(ii). We affirm.

## I. *Discussion*

K.N. resided in Oklahoma with her grandmother. In early 2019, K.N., then 12 years old, dated Raiburn's stepson. Because of K.N.'s involvement with Raiburn's stepson, Raiburn knew K.N.'s age. Despite K.N.'s age, Raiburn began a sexual relationship with K.N. He had sexual intercourse with K.N. on June 17, 2019. Raiburn told K.N. not to tell anyone. They had sexual intercourse on at least ten occasions, including at Raiburn's home. Raiburn wrote a note documenting "two occasions in which [he] had sex with K.N. in mid-June 2019," which also set forth "handwritten rules and guidelines that were to be followed by Raiburn and K.N." R. Doc. 44, at 20 (bold omitted). Raiburn and K.N. signed the note.

In late July 2019, Oklahoma Child Protective Services notified K.N.'s mother that it had initiated an investigation into an alleged inappropriate relationship between Raiburn and K.N. As a result, K.N.'s mother moved K.N. to Des Moines, Iowa, to live with her.

After K.N.'s move, Raiburn went to Des Moines at least twice in August 2019 to meet K.N. On his first trip to Des Moines, Raiburn "bought K.N. a pre-paid cell phone for her to communicate with him." *Id.* Raiburn traveled to Des Moines planning to have sex with K.N., but it did not occur.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

On August 31, 2019, the Des Moines Police Department received a tip that a young girl was repeatedly entering and exiting a parked vehicle with an adult male inside it in the back of a library parking lot. An officer responded to the parking lot and found 37-year-old Raiburn and 13-year-old K.N.[2] Raiburn told the officer that he and K.N. had traveled together from Oklahoma to Des Moines. K.N. told the officer that she lived in Oklahoma with her grandmother and that her grandmother was aware that she was with Raiburn in Des Moines. The officer, suspicious of the pair's stories, called K.N.'s grandmother. K.N.'s grandmother refuted their tale. In fact, an Oklahoma court had issued a non-contact order stemming from suspicions of a sexual relationship between K.N. and Raiburn. K.N.'s grandmother further informed the officer that the family relocated K.N. to Des Moines to live with K.N.'s mother to keep K.N. away from Raiburn. The officer then contacted K.N.'s mother, who picked up K.N. The officer permitted Raiburn to leave.

The same day, K.N.'s mother learned that K.N. had a prepaid cell phone that Raiburn had given her. K.N.'s stepfather looked through the phone's contents and discovered sexually explicit photos and messages sent between Raiburn and K.N. K.N.'s mother and stepfather gave the cell phone to the police.

The police counted over 3,400 text messages and 228 image file messages exchanged between Raiburn and K.N. between August 9, 2019, and August 31, 2019. Many of the messages were sexual in nature. In response to Raiburn's requests, K.N. sent Raiburn multiple nude images, including images of her self-stimulating. K.N. used the cell phone that Raiburn had purchased for her to send the pictures. "Raiburn also sent photos to her of his penis." *Id.* at 22 (bold omitted). And, "sometimes at the direction of Raiburn, [K.N] showered while FaceTime video messaging with Raiburn so Raiburn [c]ould watch her shower." *Id.* (bold omitted). The text exchanges between K.N. and Raiburn graphically describe this conduct.

_____

[2]K.N. turned 13 years old on June 29, 2019.

-3-

For example, in a text exchange from August 12, 2019, Raiburn requested that K.N. send him "a close-up photo depicting [K.N.'s] genitals," and K.N. complied. *Id.* at 42. Thereafter, "Raiburn sen[t] . . . two images to [K.N.] of what appears to be a male's hands covered in semen." *Id.* at 43. Three days later, on August 15, 2019, Raiburn texted K.N. to send him "a photo depicting [K.N.'s] genitals with [K.N.'s] finger inserted into her vagina," and K.N. complied. *Id.* at 44. Raiburn then texted K.N. "a close-up picture of [his] erect penis with a message 'You just made me super hard!!!!!'" *Id.* And, on August 21, 2019, after K.N. texted Raiburn that she was "getting ready for the shower," Raiburn responded, "Ready when you are." *Id.* at 48. Raiburn and K.N. ceased text messaging one another at 10:08 p.m., but they resumed texting one another at 10:48 p.m. Raiburn asked K.N. if she "s[aw] [him] cum," and K.N. responded, "Yes. I am happy for you." *Id.* at 49. Raiburn responded that he "wish[ed] [K.N.] would of [sic]" and asked K.N. if she was "embarrassed to play with [herself] in front of [Raiburn]." *Id.* K.N. replied, "No. I just miss you playing with me." *Id.*

A grand jury indicted Raiburn on four counts of producing child pornography, one count of attempted enticement of a minor, and two counts of interstate travel with intent to engage in a sexual act with a minor. Raiburn pleaded guilty pursuant to a written plea agreement to one count of producing child pornography. "As a factual basis for his plea of guilty, [Raiburn] admit[ted]" that

> [o]n August 15, 2019, [Raiburn] knowingly employed and used [K.N.] to engage in sexually explicit conduct with the purpose of producing a visual depiction of such conduct. Specifically, on August 15, 2019, [Raiburn] communicated with [K.N.] via cellular phone and [Raiburn] requested [K.N.] take a "selfie" photo of [K.N.'s] genitals and send [Raiburn] the photo via text message. [K.N.] then took a photo depicting the lascivious exhibition of [K.N.'s] genitals. [K.N.] took this photo using [K.N.'s] cell phone. [K.N.] then sent the photo to [Raiburn's] cell phone via text message. On August 15, 2019, [K.N.] was in Des Moines,

Iowa. [K.N.] took the aforementioned photo utilizing an Alcatel cell phone, a device that was not manufactured in the State of Iowa.

R. Doc. 30, at 3.

The presentence investigation report (PSR) recommended a two-level enhancement for "[t]he offense involv[ing] the commission of a sexual act or sexual contact." R. Doc. 44, at 24 (citing U.S.S.G. § 2G2.1(b)(2)(A)). The PSR referenced the August 12 text exchange. The PSR also recommended a two-level enhancement for "the offense involv[ing] the use of a computer or an interactive computer service to solicit participation with a minor in sexually explicit conduct." *Id.* (citing U.S.S.G. § 2G2.1(b)(6)(B)(ii)). The PSR referenced the August 12 *and* August 15 text exchanges. Applying both enhancements, the PSR calculated a total offense level of 40. A total offense level of 40, combined with a criminal history category of I, yielded a Guidelines range of 292 to 365 months' imprisonment. The Guidelines range became 292 to 360 months' imprisonment due to the statutory maximum of 30 years. *See* U.S.S.G. § 5G1.1(c)(1).

Raiburn objected to application of the enhancements. The U.S. Probation Office gave two justifications in support of the two-level enhancement under § 2G2.1(b)(2)(A) for commission of a "sexual act" or "sexual contact." First, the enhancement applied because "relevant conduct" included the sexual intercourse that occurred between Raiburn and K.N. in Oklahoma, prior to K.N.'s relocation to Des Moines. The sexual intercourse constituted a "sexual act." Alternatively, the enhancement applied because the August 12 text exchange between Raiburn and K.N. included images of Raiburn's hands covered in semen, which showed that a "sexual act" or "sexual contact" had occurred.

Raiburn countered in his sentencing memorandum that the sexual intercourse in Oklahoma was not relevant conduct because "[a]ny sexual act that occurred prior

to K.N.'s move to Des Moines in July 2019 cannot be said to have been preparation for the offense of production of selfie-styled nude images of K.N. weeks later in August 2019." R. Doc. 50, at 3. Additionally, Raiburn gave two reasons that his "touching of himself does not constitute 'sexual contact' as defined by [18 U.S.C. § 2246(3)]." *Id.* at 4. First, the statute's plain language "require[s] the touching of another person." *Id.* Second, the statute's legislative history provides that it was intended to "'reach all forms of sexual abuse *of another*,' not self-directed activity." *Id.* (quoting H.R. Rep. No. 99-594, at 11 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 6186, 6191). Raiburn also noted that "any conduct by K.N. while she was in Des Moines also does not justify the enhancement." *Id.* (citing *United States v. Starr*, 486 F. Supp. 2d 940, 946–47 (N.D. Iowa 2007)).

As to the second enhancement, under § 2G2.1(b)(6)(B)(ii), the U.S. Probation Office asserted that the two-level enhancement for the use of a computer to "solicit participation with a minor in sexually explicit conduct" applied because Raiburn solicited "nude photographs of K.N. (to include photographs of K.N.'s genitals) via his cell phone." R. Doc. 44, at 62.

Raiburn's reply disputed this interpretation of the guideline. Raiburn argued that § 2G2.1(b)(6)(B)(ii)'s "plain language requires that there be some solicitation of some participation by someone with K.N. in the sexually explicit conduct." R. Doc. 50, at 5. According to Raiburn, the enhancement "addresses 'a situation in which one person solicits another person to engage in sexual activities with a minor,' otherwise the phrase 'participation with' would be 'rendered effectively meaningless.'" *Id.* (quoting *United States v. Jass*, 569 F.3d 47, 67 (2d Cir. 2009)). As a result, Raiburn maintained that his "[s]olicitation of nude selfie photographs [of K.N.] is not solicitation of 'participation with' a minor in sexually explicit conduct." *Id.*

At sentencing, Raiburn did not dispute the PSR's factual allegations. He only disputed whether the two enhancements applied to those facts. The government

presented no evidence in support of the enhancements, instead relying on the undisputed facts set forth in the PSR.

After hearing the parties' legal arguments, the district court applied both enhancements. First, the district court applied the § 2G2.1(B)(6)(b)(ii) enhancement. It noted Raiburn's acknowledgment that the cell phone that he used "is a computer for purposes of this adjustment." R. Doc. 69, at 19. Additionally, the court found that "the use of the computer is demonstrated twofold: One, by the defendant's use of a cell phone and, two, by the use of the cell phone by the child." *Id.* The court explained that K.N. "only had the cell phone because [Raiburn] gave it to her, and he gave it to her for the explicit purpose of continuing a sexual relationship that had caused [K.N.'s] family to have her leave the [S]tate of Oklahoma." *Id.*

The district court then determined that the cell phone was used "to solicit participation with [K.N.] in sexually explicit conduct." *Id.* at 20. In support of its finding, the court cited, among other things, the August 21 text exchange, pointing out that contact between Raiburn and K.N. "cease[d] at 10:08 p.m. and then restart[ed] at 10:48," with Raiburn "ask[ing] [K.N.] if she saw him cum. 'Yes, I am happy for you,' was the response." *Id.* According to the court, the statement "indicate[d] that [Raiburn] masturbated while engaged in a FaceTime video chat with [K.N.]." *Id.* Masturbation, the court explained, is listed in "[t]he definition of 'sexually explicit conduct.'" *Id.*

And the court determined that the conduct constituted "participation with a minor." *Id.* at 21. According to the court, Raiburn indicated in the August 21 text exchange that K.N. "was also engaging in some sort of masturbation by saying 'I wish you would of' in the context of reaching climax or orgasm. And then he ask[ed] why not." *Id.* Thereafter, Raiburn asked K.N., "Are you embarrassed to play with yourself in front of me?," to which K.N. responded, "No. I just miss you playing with me." *Id.* The court found that the text exchange's context made "clear that this is an

engagement in explicit sexual conduct by two people." *Id.* The court explained that "no question [existed] that the individual on one side of a video connection who is watching, engaging with, and participating with the minor who is engaging in conduct as well is participating with that minor." *Id.* The court noted that Raiburn and K.N. "used [the cell phones] for the purpose of transmitting the material live"; therefore, the court stated, "The fact that it was not saved for commemoration does not undermine the fact that the guidelines recognize that live transmission of material is sufficient." *Id.*

Second, the district court concluded that the § 2G.1(b)(2)(A) enhancement applied for sexual contact or a sexual act. The court discussed two "ways in which this adjustment would apply." *Id.* at 22. The court first concluded that "the relevant conduct began when [Raiburn] was grooming [K.N.] for production of child pornography by engaging in unlawful sexual contact with [K.N.]." *Id.* Specifically, "the engagement in . . . sex acts with [K.N.] [in Oklahoma] was in preparation for or of the production of child pornography." *Id.* at 23.

The court next concluded that even if the sexual intercourse in Oklahoma did not constitute a sex act for purposes of the enhancement, "there was also sexual contact." *Id.* According to the court, it had "previously found under similar facts that a request for a child to engage in touching of their genitals or engaging in other sex acts by a defendant qualifies for this adjustment." *Id.* The court found "well-reasoned" decisions from the Second, Third, Sixth, and Eleventh Circuits holding that "there is no requirement that there be the contact of a different person and that the contact by [K.N.] in this case for [Raiburn's] sexual arousal or gratification is sufficient for sexual contact to occur." *Id.* at 24.

After overruling Raiburn's objections to the enhancements and hearing argument from the parties, the district court imposed a sentence of 360 months' imprisonment.

## II. *Discussion*

On appeal, Raiburn argues that the district court erred in applying each of the § 2G2.1(b) enhancements. "We review the district court's factual findings for clear error and its construction and application of the sentencing guidelines *de novo*." *United States v. Stong*, 773 F.3d 920, 925 (8th Cir. 2014).

### A. *U.S.S.G. § 2G2.1(b)(2)(A)*

Raiburn argues that the district court erred in imposing the two-level enhancement under § 2G2.1(b)(2)(A) because "[a] sexual act or sexual conduct did not occur during the offense of conviction." Appellant's Br. at 11. Raiburn argues that "masturbation over a video call is not 'sexual contact' as defined by the relevant statute." *Id.* His argument is unavailing.[3]

"The two-level increase in USSG § 2G2.1(b)(2)(A) applies if the offense involved 'the commission of a sexual act or sexual contact'. . . ." *United States v. Cramer*, 962 F.3d 375, 379 (8th Cir. 2020). Raiburn concedes that "other circuits have determined masturbation qualifies as 'sexual contact' under the Guideline." Appellant's Br. at 16 (citing *United States v. Pawlowski*, 682 F.3d 205 (3d Cir. 2012); *United States v. Shafer*, 573 F.3d 267 (6th Cir. 2009); *United States v. Aldrich*, 566 F.3d 976 (11th Cir. 2009); *United States v. Dean*, 591 F. App'x 11 (2d Cir. 2014) (unpublished summary order)). Nevertheless, he urges this court "not [to] follow these circuits" because they "ignore a plain reading of the statute in an attempt to cover additional conduct." *Id.*

---

[3]Additionally, Raiburn argues that the sexual intercourse that occurred in Oklahoma prior to the child pornography offense was not relevant conduct constituting a sexual act. Because we conclude that masturbation constitutes sexual contact, we need not address this argument.

"As with any question of statutory interpretation, we begin with the statute's plain language." *Hodde v. Am. Bankers Ins. Co. of Fla.*, 815 F.3d 1142, 1144 (8th Cir. 2016). Application Note 2 of § 2G2.1(b)(2)(A) defines "sexual contact" by cross referencing 18 U.S.C. § 2246(3). *Cramer*, 962 F.3d at 379. In turn, § 2246(3) defines "sexual contact" as "the *intentional touching*, either directly or through the clothing, of the genitalia . . . *of any person* with an intent to abuse, humiliate, harass, degrade, or *arouse or gratify* the sexual desire *of any person*." (Emphases added.) In support of his argument that masturbation does not qualify as sexual contact under the statute's plain language, Raiburn argues that (1) "'intentional touching' refers to the intent, and therefore conduct, of the defendant," and (2) Congress did not expressly "include masturbation within the definition of sexual contact" despite doing so in other statutes. Appellant's Br. at 16–17. Alternatively, Raiburn asserts that "two plausible interpretations for 'sexual contact'" exist, meaning he is "entitled to the benefit of the more lenient one." *Id.* at 17 (quoting *United States v. Taylor*, 640 F.3d 255, 260 (7th Cir. 2011)).

Following our sister circuits, we reject Raiburn's arguments and hold that "the plain meaning of 'sexual contact' under U.S.S.G. § 2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes the act of masturbating." *Aldrich*, 566 F.3d at 979.[4] First, "[s]ection 2246(3) clearly states that 'sexual contact' involves certain intentional touching of 'any person.' 'Any person' includes a person touching himself or

---

[4]*See also Pawlowski*, 682 F.3d at 213 (holding that the "plain and unambiguous" language of § 2246(3) indicates that "masturbation [is] a form of 'sexual contact'"); *Shafer*, 573 F.3d at 273–74 ("[W]e hold that 'sexual contact,' as defined by § 2264(3), includes self-masturbation, as long as the other requirements of the statute are satisfied."); *Dean*, 591 F. App'x at 15 (rejecting the defendant's argument that § 2G2.1(b)(2)(A) "does not apply to images depicting a person touching himself or herself").

herself." *Shafer*, 573 F.3d at 273 (citing *Merriam Webster's Collegiate Dictionary* 53 (10th ed. 1995) (defining "any" as "EVERY—used to indicate one selected without restriction")); *see also Pawlowski*, 682 F.3d at 211 ("Indeed, 'any' means 'every.'" (citing *Oxford English Dictionary* (2d ed. 1989) ("In affirmative sentences ['any'] asserts concerning a being or thing of the sort named, without limitation as to which, and thus constructively of *every* one of them, since every one may in turn be taken as a representative.")))); *Aldrich*, 566 F.3d at 979 ("The statute's operative phrase 'any person' applies to all persons, including [the defendant] himself."). Based on this plain-language analysis, Raiburn's argument that "intentional touching" refers to the defendant's conduct in touching another person fails.

Second, we can compare Congress's use of "any person" in defining "sexual contact" in § 2246(3) with its use of "another person" in defining "sexual act" in § 2246(2)(D).[5] *Pawlowski*, 682 F.3d at 212. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* (quoting *Dean v. United States*, 556 U.S. 568, 573 (2009)). We presume that Congress "intended to distinguish between 'of any person' in 18 U.S.C. § 2246(3) and 'of another person' in 18 U.S.C. § 2246(2)(D), so that 'of another person' does not include oneself but 'of any person' does." *Id.* "'Another person' clearly requires at least two individuals to be involved in the act. Thus, because Congress chose to use different language when defining 'sexual contact,' it seems clear that Congress intended not to limit 'sexual contact' in the same way it limited 'sexual act.'" *Shafer*, 573 F.3d at 273.

---

[5]Section 2246(2)(D) defines "sexual act" as the "intentional touching, not through the clothing, of the genitalia of *another person* who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of *any person*." (Emphases added.)

Raiburn, however, relies on Congress's inclusion of masturbation in defining "sexually explicit conduct" in *a different* statute to argue masturbation is excluded in § 2246(3). *See* Appellant's Br. at 17 (citing 18 U.S.C. § 2256(2)(A)(iii) (defining "sexually explicit conduct" as including "actual or simulated . . . masturbation")). But as *Shafer* points out, "[s]imply because [§ 2246(3)] does not specifically state that self-masturbation qualifies as 'sexual contact' does not mean that Congress intended for such an activity to be excluded, especially when self-masturbation falls squarely within the language of § 2246(3)." 573 F.3d at 273. Section 2246(3) does not require the involvement of multiple people "for 'sexual contact' to occur." *Id.*

Third, § 2246(3)'s legislative history "does not evidence 'a clearly expressed legislative intention to the contrary.'" *Id.* (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). Instead, the House Judiciary Committee's report indicates that "the Sexual Abuse Act of 1986 ('the Act'), of which § 2246(3) is a part, was drafted with the intention of 'reach[ing] all forms of sexual abuse of another.'" *Id.* (alteration in original) (quoting H.R. Rep. No. 99-594, at 11 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 6186, 6191). Congress broadly drafted the Act "'to cover the widest possible variety of sexual abuse,' further solidifying our belief that self-masturbation is encompassed by the term 'sexual contact.'" *Id.* (quoting H.R. Rep. No. 99-594, at 12 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 6186, 6192).

Here, the district court found, based on the undisputed facts set forth in the PSR, "that the contact by [K.N.] . . . for [Raiburn's] sexual arousal or gratification is sufficient for sexual contact to occur." R. Doc. 69, at 24. Indeed, the August 15 text exchange shows that K.N. masturbated at Raiburn's request. The Sixth Circuit has similarly held that a minor victim's "self-masturbation constitutes 'sexual contact.'" *Shafer*, 573 F.3d at 279.

-12-

Furthermore, the August 12 and August 21 text exchanges support the district court's finding that Raiburn masturbated during his communications with K.N. The Third and Eleventh Circuits have both held that "of any person" in § 2246(3) includes a defendant's act of masturbating. *See Pawlowski*, 682 F.3d at 212 (3d Cir. 2012) ("[T]he language of the statute is unambiguous: it is clear that 'of any person' includes a defendant himself and does not require the touching of the victim."); *Aldrich*, 566 F.3d at 979 ("[T]he plain meaning of 'sexual contact' under U.S.S.G. § 2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes the act of masturbating. The statute's operative phrase 'any person' applies to all persons, including [the defendant] himself.").

Determining that § 2246(3)'s definition of "sexual contact" includes masturbation, however, does not end our inquiry into the applicability of the enhancement. *See Shafer*, 573 F.3d at 274. "The statutory requirements for 'sexual contact' also include two intent elements. The first . . . is the requirement that there was 'the intentional touching . . . of the genitalia' of [any person]." *Id.* (second alteration in original) (quoting 18 U.S.C. § 2246(3))."[T]he second intent requirement of § 2246(3) . . . [is] that there be 'touching . . . of the genitalia . . . of [any person] *with an intent to* abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.'" *Id.* (second and third alterations in original) (quoting 18 U.S.C. § 2246(3)).

The undisputed facts show that both intent elements are satisfied. First, the August 12 and August 21 text exchanges support a finding that Raiburn intentionally touched his own genitalia. Second, the same text exchanges establish Raiburn's intent to "arouse or gratify" K.N.'s or his own sexual desire.

Accordingly, we affirm the district court's application of the § 2G2.1(b)(2)(A) enhancement.

## B. *U.S.S.G. § 2G2.1(b)(6)(B)(ii)*

Raiburn next argues that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(B)(ii) because "the parties masturbating at the same time over a video call [does not] constitute[] 'participation with' a minor in sexually explicit conduct." Appellant's Br. at 18.

Section 2G2.1(b)(6)(B) provides:

> If, for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved . . . (B) the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit *participation with* a minor in sexually explicit conduct, increase by 2 levels.

(Emphasis added.) "Subsection (b)(6)(B) is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." *Id.* cmt. n.6(B).

Raiburn challenges the "participation with" element of § 2G2.1(b)(6)(B)(ii). According to Raiburn, the enhancement's "plain language requires that there be some solicitation of some participation by someone with K.N. in the sexually explicit conduct." Appellant's Br. at 19. He maintains that because he and K.N. "were alone, acting independently, it cannot be said the two were 'participating' with each other. Further, Raiburn [asserts that he] could not 'solicit' himself to participate with K.N." *Id.* We need not address Raiburn's argument as to subsection (B)(ii) because we hold that even if the district court erred in applying it, the error is harmless because the record facts support the imposition of the enhancement under subsection (B)(i).

Subsection (i) applies "[i]f . . . the offense involved . . . the use of a computer . . . to . . . persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to *otherwise solicit participation by a minor* in [sexually explicit] conduct." U.S.S.G. § 2G2.1(b)(6)(B)(i) (emphasis added). Raiburn argues that subsection (i) is inapplicable because "[t]he facts do not establish that [he] used a computer to facilitate the victim's travel to engage in sexually explicit conduct." Appellant's Reply Br. at 2. He also asserts a lack of notice to address and challenge the use of subsection (i).

Contrary to Raiburn's first argument, the subsection's plain language does not limit the offense to facilitating the minor's travel to engage in sexually explicit conduct, but instead includes "solicit[ing] participation by a minor in [sexually explicit] conduct." *See* U.S.S.G. § 2G2.1(b)(6)(B)(i); *see also United States v. Roman-Portalatin*, 476 F. App'x 868, 869 (1st Cir. 2012) (unpublished) (Souter, J., sitting by designation).

We also reject Raiburn's second argument that lack of notice on the applicability of subsection (i) forecloses a finding of harmless error. The government has satisfied its burden of proving harmless error. *See Roman-Portalatin*, 486 F. App'x at 870. The factual basis for the guilty plea set forth in the plea agreement stated that Raiburn "knowingly employed and used [K.N.] to engage in sexually explicit conduct" by "communicat[ing] with [K.N.] via cellular phone and . . . request[ing] [K.N.] take a 'selfie' photo of [her] genitals and send [Raiburn] the photo via text message." R. Doc. 30, at 3. K.N. "then took a photo depicting the lascivious exhibition of [her] genitals" using the cell phone and "sent the photo to [Raiburn's] cell phone via text message." *Id.* Not only did Raiburn admit to these facts, but Raiburn also did not challenge any of the facts set forth in the PSR setting forth his requests for sexually explicit images from K.N. using the cell phone and his solicitation of K.N.'s participation in live video chats of her showering and

masturbating.[6] Thus, "consideration of computer use to set the higher sentencing range as calculated in the presentence report was therefore undoubtedly correct" despite the reference to a different subsection. *See Roman-Portalatin*, 476 F. App'x at 870. In other words, despite the reference and discussion of subsection (ii) of § 2G2.1(b)(6)(B), Raiburn suffered no prejudice because the enhancement for computer use properly applies based on the undisputed facts pursuant to subsection (i). *See id*.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____

---

[6]Raiburn argues that he was not afforded "an adequate opportunity to *present information* [about] a sentencing factor [that was] reasonably in dispute." Appellant's Reply Br. at 2 (emphasis added) (citing U.S.S.G. § 6A1.3 ("When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor.")). Raiburn was afforded the opportunity to challenge the facts set forth in the PSR at sentencing, and he did not do so. *See* R. Doc. 69, at 8 (confirming "[n]o factual objections" to the PSR). Those facts establish, as a matter of law, that application of § 2G2.1(b)(6)(B) is "undoubtedly correct." *See Roman-Portalatin*, 476 F. App'x at 870.